(107 App. Div. 304.)

### WALKER v. BEST et al.

(Supreme Court, Appellate. Division, Second Department.    August 31, 1905.)

1. LIBEL—PECUNIARY INJURY.
   Where certain alleged libelous writings were not libelous per se, there could be no recovery, in the absence of proof that plaintiff had sustained pecuniary injury by reason of their publication.
   [Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Libel and Slander, §§ 97, 213.]

2. SAME—PUNITIVE DAMAGES.
   In an action for libel, punitive damages, cannot be recovered without proof of express, as distinguished from implied, malice.
   [Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Libel and Slander, § 351.]

3. SAME—PRIVILEGED COMMUNICATION.
   Plaintiff's principal made an official report to the city school superintendent that plaintiff was "careless" in blackboard work, and thereafter such superintendent, in replying to the letter written to him by W., at plaintiff's request and in her interest, calling attention to an alleged conflict between such report and one made shortly before by the same principal, stated that he never had any doubt that the principal's estimate of plaintiff was "pretty nearly correct." *Held*, that both such writings were privileged.

4. SAME—LIBEL PER SE.
   Such reports were not libelous per se.

Appeal from Trial Term, Kings County.

Action by Emma Walker against Lyman A. Best and William H. Maxwell. From that part of the judgment in favor of defendant Best, and that part of the order denying a new trial as to him, plaintiff appeals, and from that part of the judgment in favor of plaintiff as against defendant Maxwell, and that part of the order denying his motion for a new trial, he appeals. Judgment affirmed on plaintiff's appeal, and reversed on defendant's appeal.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, RICH and MILLER, JJ.

Samuel Walker, for plaintiff.

J. Edward Swanstrom (Conrad Saxe Keyes, on the brief), for defendants.

HIRSCHBERG, P. J.    As the learned trial justice said in charging the jury:

"There are here two cases, which are entirely separate—one against Mr. Maxwell, and one against Mr. Best."

They were tried as one, and will be so considered on the appeal; the point not having been raised that a joint action only lies where joint liability exists. The plaintiff is a teacher in one of the public schools of the borough of Brooklyn. The defendant Best is her principal, and the defendant Maxwell is the city school superintendent. In the complaint it.is charged that the defendant Best on October 5, 1900, libeled the plaintiff by stating in an official report that she was "careless" in blackboard work, and that the defendant Maxwell on March 30, 1901, libeled her by writing a letter in which

he stated, in reference to such report, that he "never had any doubt that Mr. Best's estimate [of the plaintiff] is pretty nearly correct." No special damage was alleged or proven. Neither defendant appears to have been connected in any way with the alleged libel charged against the other. The jury found in favor of the defendant · Best, but against the defendant Maxwell in a substantial amount; and the plaintiff and the defendant Maxwell appeal from so much of the judgment entered on the verdict as is adverse to each, respectively.

The court charged the jury in substance that the report made by the defendant Best was privileged, and that, in order to recover damages from him, the plaintiff must establish that in it he had depreciated her below his true conception of her merit, and that he had done so with the intent of injuring her chances for preferment. The verdict of the jury exonerated Mr. Best, and justifies his report as an honest and unprejudiced estimate of the plaintiff as a teacher at the time it was made. I do not see how any other conclusion could have been reached. The report records the plaintiff's school work as good in many particulars. No fault seems to have been found with it by the plaintiff, excepting as to the allegation charging carelessness in the blackboard work, and the evidence nowhere suggests actual malice in its preparation or publication. The report, indeed, is but the common, ordinary affair of modern school life. Its good faith has not been successfully impugned. It bears no obvious imprint of malice. It is not unkind in tone. It is not unjust in substance. It was not inspired by ill will. It has wrought no financial harm.

But the same jury which has thus relieved Mr. Best from all suspicion of blame in the making of the report has found against Mr. Maxwell for his expression of confidence in its correctness—a curious result, which possibly may have been due, to some extent at least, to the difference in the rules of law applied by the court to the two defendants. The court charged the jury that Maxwell's letter was not privileged, but that, on the contrary, "it was a purely unnecessary, gratuitous, and uncalled-for letter." He charged that as to Best's report the burden was on the plaintiff to prove her cause of action, while as to Maxwell's letter the burden was on him to justify it. Throughout the trial he ruled that there was no evidence in the case from which an inference of actual malice on the part of Maxwell could be deduced. And at the very end of the case, when Maxwell was testifying, he said:

"There isn't the slightest evidence of malice on the part of this witness, except what may be inferred from the character of the letter he wrote. * * * There isn't a shade of evidence of express malice."

In the opinion written on the motions for a new trial, however, he wrote, in reference to the case against Maxwell, "There was ample evidence of actual malice." And he told the jury in his charge to them in substance that they were at liberty to find punitive damages against Maxwell; that, "in all cases where the right to recover involves a finding of malice on the part of the defendant, the jury have a right to give punitive damages—that is, damages

to punish; that they have a right to add something to compensation by way of punishment, and this is one of those cases, if you conclude that she is entitled to recover at all."

It is true that this part of the charge was addressed to the case against Best, but all that he said on the subject of the rule as to damages as against Maxwell was that "as to the damages the rule I have given you in the other case will apply to this." The charge was erroneous. Where writings are not libelous in themselves, there can be no recovery at all, unless pecuniary injury has been sustained by reason of the publication (Bassell v. Elmore, 48 N. Y. 561; Beecher v. Press Publishing Co., 60 App. Div. 536, 69 N. Y. Supp. 895; King v. Sun Printing & Publishing Ass'n, 84 App. Div. 310, 82 N. Y. Supp. 787); and there can be no recovery of punitive damages in the absence of express malice—that is, malice in fact, as distinguished from malice implied. Krug v. Pitass, 162 N. Y. 154, 160, 56 N. E. 526, 76 Am. St. Rep. 317.

I think that both writings were privileged, that neither was libelous per se, and that, in the absence of any claim of special injury, the complaint should have been dismissed as to both defendants. It was clearly the duty of the defendant Best, as principal of the school in which the plaintiff teaches, to note and to record her work and his opinion of her capacity and skill, and no offense attaches to an unfavorable expression which is believed to be truthful and honest. Moreover, the charge of carelessness is not libelous, as might be a charge of unskillfulness or general incapacity. History furnishes many instances of genius wasted by a life of carelessness and indifference. The plaintiff is not necessarily injured in her profession by a charge of carelessness in the performance of a particular branch of her work. The case of Mattice v. Wilcox, 147 N. Y. 624, 42 N. E. 270, cited by the learned trial justice in the opinion heretofore referred to, was a case wherein the charge was one of general professional incapacity. But, as was said by Mr. Justice Hatch, in Ratzel v. New York News Publishing Co., 67 App. Div. 598, 73 N. Y. Supp. 849, where the plaintiff was accused of "a general careless manner of attending to our business" (page 600 of 67 App. Div., page 850 of 73 N. Y. Supp.):

"This does not state, either directly or by inference, that the plaintiff was unfitted, unskilled, or incompetent. He might be possessed of the highest degree of skill in his particular department, and still be careless in the performance of his duties. The averments of the complaint seek to show that the use of the words 'careless manner' necessarily implied that the plaintiff was unfitted, unskilled, and incompetent. On the contrary, such words are entirely consistent with the fact that the plaintiff was fitted, skilled, and competent; and there is nothing, either in the alleged libelous matter or in the pleading itself, which can in any way be construed to mean that the defendant charged the plaintiff with being unfitted, unskilled, or incompetent. Consequently there is nothing made to appear by the pleading upon which a libel may be founded, or that the use of these words injured the plaintiff in his trade, business, or calling."

In Battersby v. Collier, 34 App. Div. 347, 354, 54 N. Y. Supp. 363, 368, the court said:

"Nothing can be said to be libelous of a man in his profession, except something which degrades or lowers him in his professional character generally;

and it is not a libel of one in that regard to say that, in any particular work, he has fallen below the proper standard or has made a failure."

The learned counsel for the plaintiff conceded on the argument that the report was not libelous per se, but claimed that the letter of the defendant Maxwell was so. The claim is inconsistent with the concession. It cannot be that a written expression of confidence in the accuracy of a report is libelous, if the report itself is not so. The report was made to Maxwell as being in a sense the official head of the city schools. The letter was written by Maxwell in response to one which had been sent to him, in the plaintiff's interest and at her request, by Edward G. Ward, the borough superintendent of schools, calling attention to an alleged conflict between the opinion expressed in the report in question and one made shortly before by the same principal. Shortly afterwards Ward wrote to Maxwell, withdrawing the complaint, and saying in that letter, in reference to the first one:

"I wish to say that I desire the said letter to be regarded as if it had never been written, as I have just had an interview with Mr. Best, during which he has given me a full and adequate explanation of the apparent discrepancies in his reports. Clearly I was too precipitate in my action, and I very much regret having been so."

It was in reply to this second letter that the communication was written which is sought to be made the basis of the action against Maxwell. The full text of the letter is as follows:

"Dear Mr. Ward: I am very glad, indeed, to get your letter of March 28th with regard to Mr. Best's report on Miss Emma Walker. I have known that lady for some years, and have never had any doubt that Mr. Best's estimate is pretty nearly correct."

The relation of the parties to the subject-matter of the correspondence invests the communication with a privileged character. It is not shown to be untruthful in any respect, or to have been written in bad faith or from unworthy motives. On its face it is only a qualified approval of the approximate correctness of Mr. Best's report, and the plaintiff admits, through her counsel on the argument, that it would not be regarded as libelous, but for the assertion of the writer that he had known her for some years. She testified that this official acquaintance was at least of six years' duration; but, aside from that consideration, it certainly is not libelous per se for the superintendent of schools to claim in writing to be acquainted with one of the teachers in his charge.

The rule of privilege is reasonably well settled. Each of the parties to the correspondence in question had an official interest in the accuracy of Mr. Best's report. In Lewis and Herrick v. Chapman, 16 N. Y. 369, 373, Judge Selden said:

"Where both parties—i. e., the party making as well as the party receiving—have an interest in the communication, it has never been doubted that it was privileged."

The rule has been frequently reiterated in the Court of Appeals. See Van Wyck v. Aspinwall, 17 N. Y. 190; Klinck v. Colby, 46 N. Y. 427, 7 Am. Rep. 360; Byam v. Collins, 111 N. Y. 143, 19 N. E. 75, 2 L. R. A. 129, 7 Am. St. Rep. 726. And in Decker v. Gaylord,

35 Hun, 584, it was held that oral communications, made in good faith and in a proper manner to a school commissioner by a resident of the district, charging a teacher with obscenity and unchastity, are privileged; that the presumption is that the person making such a communication is acting in good faith, and the burden of proving that he acted with actual malice rests upon the party seeking to hold him liable for slander; and that the falsity of the charge is not of itself sufficient to raise an inference of malice. The rule differs somewhat, of course, in cases of libel; but the general principle of privilege applies in either case.

The judgment, in so far as appealed from by the plaintiff, and the order denying her motion for a new trial, should be affirmed, with costs to the defendant Best; and the judgment, in so far as appealed from by the defendant Maxwell, and the order denying his motion for a new trial, should be reversed, and a new trial granted, costs to abide the event. All concur.