First National Bank of Waverly, New York, Respondent, *v.* Byran L. Winters, Appellant.

**Libel — when corporation may maintain action for libel without proof of special damage — if words complained of are ambiguous, their meaning and application are questions for jury — when entire publication may be shown.**

1. A corporation may maintain an action for libel without proof of special damage if the charge is defamatory and injuriously and directly affects its credit or the management of its business and necessarily causes pecuniary loss.

2. Words accusing a banking corporation of having participated in the sale of intoxicating liquors contrary to law are libelous *per se.*

3. In an action for libel where the words complained of may be construed as a charge of larceny but do not necessarily imply and would not necessarily be understood to imply that the plaintiff had been guilty of more than a mistake or of carelessness, the meaning of the words used and their application should be submitted to the jury and it is error for the court to charge that they were libelous *per se* as charging larceny. (*Sanderson* v. *Caldwell,* 45 N. Y. 398, 401, followed.)

4. In actions for libel the entire publication may be shown if it leads up to the words said to be actionable, and where an introduction to an article complained of first criticises the president of the plaintiff corporation, then charges him with being opposed to the defendant, and, continuing, gives reasons therefor, among which are contained the alleged libelous words, the introduction is competent, at least as bearing upon the question as to whether the words used might be fairly construed to import a crime or mistake, and its exclusion is erroneous.

*First National Bank* v. *Winters,* 174 App. Div. 898, reversed.

(Argued October 11, 1918; decided December 10, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered July 22, 1916, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James Moore* and *Byran L. Winters* for appellant. As to the first cause of action the trial justice erred in refusing to submit to the jury, and in charging as a matter of law, that the article was defamatory; that it was applicable to plaintiff, and that as against the plaintiff corporation the article was libelous *per se.* (*Denns* v. *N. Y. E. J. Pub. Co.,* 210 N. Y. 13; *Morrison* v. *Smith,* 177 N. Y. 366; *Warner* v. *Southall,* 165 N. Y. 496; *U. A. Press* v. *Heath,* 49 App. Div. 247; *Kemble & Mills* v. *Kaighn,* 131 App. Div. 63.) A statement

to be libelous *per se* as against a corporation must be of so defamatory a nature as to necessarily and directly affect its credit and occasion pecuniary injury. (*N. Y. Bureau of Information* v. *Ridgway-Thayer Co.*, 193 N. Y. 666.) As to the second cause of action, the trial justice erred in refusing to leave to the jury, and charging as a matter of law, that the language was defamatory; that it was applicable to the plaintiff, and that as against the plaintiff it was libelous *per se*. (*Beecher* v. *Press Pub. Co.*, 60 App. Div. 536.)

*Harvey D. Hinman* for respondent. No proof of damage was necessary. (*S. & L. Bank* v. *Thompson*, 23 How. Pr. 253; *M. R. F. L. Assn.* v. *Spectator Co.*, 18 J. & S. 460; *U. A. Press* v. *Heath*, 49 App. Div. 247; *Arrow Steamship Co.* v. *Bennett*, 73 Hun, 81; *Reporter's Assn.* v. *Sun P. & P. Assn.*, 186 N. Y. 437; *Knickerbocker L. Ins. Co.* v. *Ecclesine*, 2 J. & S. 76; *Town Topics Publishing Co.* v. *Collier*, 114 App. Div. 191; *Trenton M. L. & F. Ins. Co.* v. *Perrine*, 3 Zab. 403; *Gross Coal Co.* v. *Rose*, 126 Wis. 24; *South Helton Coal Co.* v. *North Eastern News Assn.*, L. R. 1 Q. B. 133; *People's U. S. Bank* v. *Goodwin*, 148 Mo. App. 364.)

ANDREWS, J. The plaintiff is a banking corporation doing business in the village of Waverly. On December 30th, 1910, the defendant published in a newspaper controlled by him an article in which he stated that while he kept his newspaper account with the plaintiff he deposited a check for $100. This check was not properly credited to the account and, as a result, when later checks were drawn, he was informed that the account was overdrawn. The plaintiff insisted for some time that no mistake had been made and finally the defendant wrote to Mr. Lyford, its president, asking why the proper credit had not been given. In reply Mr. Lyford wrote that they had made a mistake and were not infallible.

The article then proceeded: " During this transaction some ten days had elapsed and the question would naturally arise how could the books of the First National Bank balance without giving this credit to the *Free Press* and where was this $100 during all this time. Thereafter Mr. Winters changed the *Free Press* account as well as his own account from the First National to the Citizens Bank."

The trial court said to the jury that this was a charge that the plaintiff was guilty of larceny and so was libelous *per se*. It further said that the libel applied to the plaintiff. We think this was error. As we have said, " In an action for defamation, if the application or meaning of the words is ambiguous, or the sense in which they were used is uncertain, and they are capable of a construction which would make them actionable, although at the same time an innocent sense can be attributed to them, it is for the jury to determine upon all the circumstances, whether they were applied to the plaintiff, and in what sense they were used." (*Sanderson* v. *Caldwell*, 45 N. Y. 398, 401.)

The words used are capable of the construction given them by the trial court. Of this there can be no doubt. They may well apply to the plaintiff. But may there also be fairly given to them an innocent sense? Could it fairly be said that they do not refer to the plaintiff? Might hearers of common and reasonable understanding differ in their interpretation of them?

We think this is quite possible. The words do not necessarily imply and would not necessarily be understood to imply that the plaintiff had been guilty of more than a mistake or of carelessness. They do not necessarily charge the bank with larceny and would not necessarily be understood to make such a charge. It might well be that the deposit had been credited to some different account. Neither if a crime was in fact committed was

the bank or one of its officers necessarily guilty. That being so, the meaning of the words used and their application should have been submitted to the jury.

A question of evidence bearing upon this cause of action has also been argued before us. The trial court excluded a somewhat long introduction to the article. In this we think it erred. The general rule is that in actions for libel the entire publication may be shown for the purpose of determining the meaning and application of that portion for which the action is brought if it leads up to the words said to be actionable. Those words often may be modified or explained by the introduction.

In this case the introduction criticises Mr. Lyford, the president of the bank, for various acts alleged to have been committed by him. It then asks why Mr. Lyford is opposed to the *Free Press* and gives some reasons. It continues that there are other reasons, to one of which it will briefly refer, and then follows the portion of the article complained of. This introduction was competent, at least as bearing upon the question as to whether the words used might be fairly construed to import a crime or a mistake.

The plaintiff also claims that certain other articles published by the defendant were libelous. As to each of these the court told the jury that the words used referred to the plaintiff and that it accused it of having participated in the sale of intoxicating liquors contrary to law, and of arson. The articles are long and need not be recited in this opinion. In view of what has already been said it is sufficient to hold that the interpretation of the words used in the article complained of in the third cause of action and their application should have been left to the jury. As to the words used in the first cause of action the majority of the court is of the opinion that the trial judge was right in his ruling that they were libelous *per se* and that they did refer to the plaintiff.

Under neither the first nor the third cause of action was there testimony as to special damages. It is said by the appellant that as the plaintiff is a corporation there can be no recovery, because of this fact. In this he is mistaken. The same rule is applicable to a corporation as to individuals. Where the latter may recover without proof of special damage, a corporation may also. Does the publication tend to blacken its reputation and to bring upon it hatred, ridicule or contempt? It is true that many statements that might harm an individual would not harm a corporation. A corporation has no personal reputation. But other charges would affect it equally with an individual. A charge of insolvency — for instance, or that its business was carried on dishonestly. And so it may be stated as a general rule that a corporation may maintain an action for libel without proof of special damage if the charge is defamatory and injuriously and directly affects its credit or the management of its business and necessarily causes pecuniary loss. (*New York Bureau of Information* v. *Ridgway-Thayer Company*, 119 App. Div. 339, 342; reversed on dissenting opinion, 193 N. Y. 666; *Reporters' Association of America* v. *Sun Printing & Publishing Assn.*, 186 N. Y. 437.)

Such is clearly the effect of the charge of violating the excise law if understood as the court holds it should be, and the charge of arson if the jury find that to be the meaning of the third article. To say of a bank that it violates the excise law to protect its securities, or burns a building upon which it holds insurance, is a direct attack on its business methods. If believed such charges necessarily destroy public confidence in its integrity and injure its credit. They affect the corporation as directly as charges of dishonorable conduct in business would affect an individual. (*South Hetton Coal Company* v. *North Eastern News Association*, 1894, 1 Q. B. 133.) Here the plaintiff, the proprietor of a colliery, owned

a number of cottages used in connection with it.   The alleged libel was an article with regard to the condition of these cottages.   Such an article, the court held, was calculated to injure the plaintiff's reputation in the way of its business and no special damage need be proved.

The judgment appealed from should be reversed and a new trial ordered, with costs to abide the event.

HISCOCK, Ch. J., COLLIN, CUDDEBACK, CARDOZO, POUND and CRANE, JJ., concur.

Judgment reversed, etc.