KING KULLEN GROCERY CO., INC., Appellant, v. VINCENT ASTOR, RAYMOND MOLEY and TODAY ASSOCIATES, INC., Respondents; MARC A. ROSE, Defendant.— Action for libel. As to defendant Moley, order granting motion to dismiss the complaint and judgment entered thereon unanimously affirmed, with ten dollars costs and disbursements, with leave to plaintiff to plead over if it be so advised. As to defendants Astor and Today Associates, Inc., order and judgment reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to said defendants to answer within ten days from the entry of the order hereon. If a jury should say that the language justifies the vicious meaning as being the one intended to be conveyed, the publication is libelous *per se*. Where words are capable of more than one interpretation, the true sense in which they were meant is for the jury. If that sense be the vicious one for which plaintiff contends, then the language adversely affects the integrity and good repute of the plaintiff business corporation. It imports that it is a concern whose customers will find it unreliable and unsafe to deal with. The fact that it holds itself out to be a price-wrecker does not mean that it holds itself out to be a price-wrecker by dishonorable means. If it is a price-wrecker or cutter by honorable means, no opprobrium may be attached to it with impunity by such a publication as that of which complaint is made, if a vicious meaning be found by a jury to be the one intended. (*First Nat. Bank* v. *Winters*, 225 N. Y. 47; *Samson United Corporation* v. *Dover Mfg. Co.*, 233 App. Div. 155; *Sullivan* v. *Daily Mirror, Inc.*, 232 id. 507; *Kloor* v. *New York Herald Co.*, 200 id. 90.) There is, however, in the complaint no allegation that fastens responsibility on defendant Moley for the alleged libelous article. The complaint is insufficient as to him. If plaintiff be so advised, an amended complaint with the needful allegation may be served. Lazansky, P. J., Hagarty, Carswell, Davis and Taylor, JJ., concur.

HELEN KIVIAT and JOSEPH KIVIAT, Respondents, v. ALFRED BLAZER, Defendant, and BENJAMIN B. LEVINE, Appellant.— Order denying motion of defendant Levine to dismiss the complaint for lack of prosecution, under rule 156 of the Rules of Civil Practice, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ., concur.

ANNA LOVIG and LAWRENCE LOVIG, Appellants, v. MILDRED L. MUNZERT, Respondent.— Action to recover for personal injuries suffered by plaintiff wife as a consequence of stumbling over a rolled-up rug lying in the lobby in an apartment house, together with an action by the husband for expenses and loss of services. Judgment for the defendant unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ.

CHARLES MARINO, Appellant, v. ESKAY HOLDING CORPORATION, Respondent.— Action to recover for personal injuries. Plaintiff, while painting a ceiling in a building owned by defendant, stood on a plank which extended between two ladders. One of the ladders slipped on a wet or dry oil streak or stain on the floor and plaintiff fell and was injured. Judgment dismissing complaint at the close of plaintiff's case unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Carswell, Davis and Taylor, JJ.