James W. Bailey, J.
Motion to dismiss the complaint in an action for libel upon the ground (hat if does not state facts sufficient to constitute a cause of action. The publication does not tend to expose the plaintiff to public hatred, shame, obloquy, *771 odium or contempt in the minds oi‘ right-thinking persons. (Sydney v. Macfadden Newspaper Pub. Corp., 242 N. Y. 208.) Neither does it appreciably affect plaintiff’s reputation or tend to make him shunned or avoided. (Kiwmerle v. New York Evening Journal, 262 N. Y. 99; Katapodis v. Brooklyn Spectator, 287 N. Y. 17, 21.) No reasonable interpretation of the words used could render them defamatory. The article merely purports to be a humorous account of a mistake concededly made and in no way impugns plaintiff’s honesty, workmanship or business integrity. The publication is therefore not libelous per se and inasmuch as no special damages are alleged the complaint does not state a cause of.action. (Balabanoff v. Hearst Cons. Pubs., 294 N. Y. 351.)
Motion to dismiss granted with leave to plead anew alleging special damages if so advised. Submit order.