WALTER A. ROSNER, Plaintiff, *v.* GLOBE VALVE CORPORATION, Defendant.

WALTER A. ROSNER, Plaintiff, *v.* KOKOMO SANITARY POTTERY CORPORATION, Defendant.

WALTER A. ROSNER, Plaintiff, *v.* WOODBRIDGE SANITARY POTTERY CORPORATION, Defendant.

Supreme Court, Special Term, New York County, November 9, 1948.

*David Haar* for plaintiff.

*Sidney Kramer* for defendants.

HOFSTADTER, J. In each of these three actions the plaintiff sues for commissions claimed to have been earned by him as sales representative in certain territory in New York State. In the amended answer in each action the defendant has interposed six counterclaims which the plaintiff moves to dismiss on the ground that they do not constitute a cause of action.

Five of the counterclaims are for slander and the sixth is for breach by the plaintiff of the duties flowing from his employment.

The actual language of the alleged slander set out in each counterclaim is identical with that of the same numbered counterclaim in all three actions. Moreover, except for minor variations of language, each of the five counterclaims is of like tenor and purport. The innuendos are the same for all five counterclaims and these innuendos are common to the three actions. The single difference is in the reference to the names of the parties alleged to have been meant by the plaintiff — a difference made necessary because the defendants in the three actions are different. It becomes evident from this analysis that, so far as the sufficiency of the slander counterclaims is concerned, treatment of the first counterclaim in any one of the actions is sufficient to dispose of all the counterclaims in the three

actions. Therefore, I shall state the contents of so much of the first counterclaim in the action against the Globe Valve Corporation as is necessary to pass on its sufficiency.

In this counterclaim it is alleged that the defendant manufactures brass plumbing supplies which it sells to jobbers and distributors. It has always maintained a good reputation for honesty, integrity and for fair and ethical dealing. Kokomo Sanitary Pottery Corporation and Woodbridge Sanitary Pottery Corporation manufacture pottery toilet fixtures which they too sell to jobbers and distributors. Pottery toilet fixtures of the type manufactured and sold by Kokomo and Woodbridge are a scarce item and the demand therefor exceeds the supply. On the other hand, brass plumbing supplies of the type manufactured and sold by the defendant are not scarce and the supply of the same is ample to meet the demand. On June 17, 1947, the plaintiff, in speaking to a customer of the defendant, spoke the following words: " In order for you [meaning said customer] to get [meaning to purchase] pottery [meaning the products of Kokomo Sanitary Pottery Corporation and Woodbridge Sanitary Pottery Corporation] you have to buy brass [meaning the products of the defendant]. An order for pottery is contingent upon an order for brass [meaning that unless an order for brass were given an order for pottery would not be accepted].''

Then follows the innuendo that the words so used charged that the defendant was guilty of dishonest, unlawful, unethical and sharp business practices and of unfair dealings with its customers, by forcing tie-in sales of its products with those of Kokomo and Woodbridge; of conspiring with Kokomo and Woodbridge to the end that the latter would refuse to sell their products unless the customer at the same time purchased those of the defendant; of violating accepted business standards of ethics and fair dealings; of violating the antitrust laws of the United States and of engaging in unfair business methods " as proscribed by the Federal Trade Commission.'' The words were false and defamatory, related to the defendant's business and were designed by the plaintiff to and did reflect adversely on the defendant in its business. There is the further allegation that in uttering the defamatory matter the plaintiff was activated by actual malice.

The plaintiff challenges the sufficiency of this counterclaim on the ground that what the plaintiff is charged to have said is not actionable per se and that no special damage is alleged. Unquestionably there is no sufficient allegation of special damage. The question still remains whether what was said

was slanderous per se. If it is then, of course, no allegation of special damage is required to make it actionable.

At the outset it is to be borne in mind that a corporation may maintain an action for libel or slander (*New York Soc. for Suppression of Vice* v. *MacFadden Publications,* 260 N. Y. 167). As the Court of Appeals said in *First Nat. Bank of Waverly* v. *Winters* (225 N. Y. 47, 52): "The same rule is applicable to a corporation as to individuals. Where the latter may recover without proof of special damage, a corporation may also."

It is elementary in the law of defamation that if the spoken matter tends to hurt an individual in his business or profession, it is actionable without proof of special damage. By the same token, spoken matter which from its nature injures a corporation in its business or credit is actionable per se. That a charge of dishonest, unethical, sharp and unfair business practices must necessarily injure the reputation of a corporation in the community is, of course, not open to question.

The claim in this action is that the charge of forcing tie-in sales was a charge of using unlawful, unfair and improper business methods. That is what the innuendo alleges the plaintiff meant. It is perfectly clear that the statement to the customer that he could not buy pottery unless he also bought brass was a charge of compelling a tie-in sale.

Does the language also bear out the innuendo ascribed to it by the defendant? If the language is fairly susceptible of the meaning imputed by the innuendo, the question whether on the occasion stated in the counterclaim it was used in that sense by the plaintiff and so understood by those who heard it is for the triers of fact (*King Kullen Grocery Co.* v. *Astor,* 249 App. Div. 655).

Though the innuendo states that the defendant was charged with unlawful practices and with violation of the antitrust laws of the United States, the defendant has not shown any specific statutory prohibition of tie-in sales as such. It is to be recalled that to render a false charge of crime actionable per se the crime charged must involve moral turpitude. By analogy, a charge that a corporation has committed a crime or an unlawful act should not be held actionable per se unless the crime or act charged is of such character as necessarily to bring the corporation into disrepute. Not every infraction of law is within this category.

The innuendo here, however, goes further. Besides attributing to the language used a charge of unlawful conduct, it

states that it charged the defendant with dishonest, unethical, sharp and unfair practices and with violating accepted business standards of ethics and fair dealing. In its brief the defendant calls attention to provisions in decrees made in actions under the Federal antitrust laws enjoining tie-in sales. It is shown, too, that the Federal Trade Commission views such sales with disfavor. Recently the United States has instituted an antitrust suit against manufacturers of plumbing supplies, in which one of the grounds of complaint was the making of tie-in sales. What the plaintiff is alleged to have said may properly be set against this background. Can we hold that a jury would not be warranted in finding that what the plaintiff said at the time and in the circumstances stated in the counterclaim was intended by him and understood by his hearer to charge the improper commercial practices enumerated in the innuendo? I think not. If they could so find, then the defamatory matter is actionable without an allegation of special damage.

The plaintiff, in arguing that the effect of the asserted slander would be to promote, rather than harm the sale of the defendant's products to the customer to whom it was addressed, misconceives the basis of the counterclaim. The defendant complains of the injury to its good name in the community, not of the immediate effect on its sales. I, therefore, hold the slander counterclaims sufficient.

The sixth counterclaim in each of the three actions by incorporation of prior paragraphs alleges that the plaintiff was incompetent, refused to render proper service of customers or to establish an office in the New York area in accordance with the defendant's specific instructions, refused to exert his best efforts in promoting the defendant's interest and in obtaining orders, made defamatory remarks concerning the defendant's business and business practices and instructed customers not to pay their indebtedness to the defendant. This counterclaim further realleges all five prior counterclaims. As to these last, it is not to be doubted that the defamatory matter, having already been found actionable, does not become less so because uttered by the defendant's employee, who owed the defendant the duty of allegiance. The other misconduct charged against the plaintiff constitutes breach of the fundamental duties inherent to the employment contract. This counterclaim is also sufficient.

The motion to dismiss each of the six counterclaims is denied, with leave to reply within ten days after service of a copy of this order, with notice of entry.