Van Voorhis, J.
(dissenting). These appeals are from similar orders in three separate actions, denying plaintiff’s motions to dismiss the counterclaims contained in the answers.
It seems that plaintiff was in the employ of all three defendant corporations as sales representative, and he sues each for commissions. The answers are substantially the same. Each answer contains six counterclaims which plaintiff challenges for insufficiency in law. These counterclaims all are based upon alleged slander of the defendant corporations by plaintiff. The material claimed to have been slanderous is substantially the same in each counterclaim. The defendant in the Globe Valve Corporation action is engaged in the business of manufacturing brass plumbing supplies, and the defendants in the Kokomo Sanitary Pottery Corporation and Woodbridge Sanitary Pottery Corporation actions are engaged in the manufacture of pottery toilet fixtures, such as sinks and bowls. The amended answers allege that at the times the alleged slanders were uttered, pottery toilet fixtures of the type manufactured and sold by said two last-mentioned corporations were scarce in the United States, and that the demand therefor greatly exceeded the supply. On the contrary, the answers allege that in the case of brass plumbing supplies, such as were manufactured by the defendant Globe Valve Corporation, the supply was ample to meet the demand. The slanders of the defendants’ several businesses, which the counterclaims allege, consisted in statements made by plaintiff, of and concerning said defendants, to the effect that the Kokomo and Woodbridge corporations would not sell pottery plumbing supplies except on condition that the purchaser buy brass plumbing supplies from the defendant Globe Valve Corporation. It will suffice to quote the alleged slander, with certain pleaded innuendoes, as it is set forth in the first counterclaim in plaintiff’s action against Globe Valve Corporation.
“In order for you (meaning said customer) to get (meaning to purchase) pottery (meaning the products of Kokomo Sanitary Pottery Corp. and Wood-bridge Sanitary Pottery Corp.) you have to buy brass (meaning the products of the defendant). An order for pottery is contingent upon an order for brass (meaning that unless an order for brass were given an order for pottery would not be accepted).”
Conclusions of the pleader — not true innuendoes — are further alleged to the effect that the said words were intended by plaintiff to charge, and did charge, that the said defendant was guilty of dishonest, unlawful, unethical and sharp practices, and was guilty of unfair dealings with its customers • — ■ said practices and dealings consisting in forcing such so-called tie-in sales. These so-called innuendoes add nothing to the substance of the alleged slanders.
The sixth counterclaim, in each action, varying slightly from the' first five, charges disloyalty on the part of the plaintiff as a salesman, but these *704 charges are entirely in the form of conclusions of law, except for pleading as the sole act of disloyalty the utterance of the words previously quoted in the earlier counterclaims, and epitomized in the quotation above set forth. The sufficiency of the sixth counterclaim depends upon that of the others.
No special damages are pleaded; therefore these counterclaims are sufficient only if the charge is slanderous per se. (See opinion of this court in Frawley Chemical Corp. v. Larson Co. 274 App. Div. 643.)
Pleading an innuendo does not enlarge the matter set forth in an utterance claimed to have been slanderous, but only explains the application of the words employed (Fleischman v. Bennett, 87 N. Y. 231, 238; Van Heusen v. Argenteau, 194 N. Y. 309, 312).
The question reduces itself to whether it was slanderous per se for plaintiff to have stated of and concerning the businesses of these corporations: “ In order for you to get pottery you have to buy brass. An order for pottery is contingent upon an order for brass.”
The basis for the construction of these words as slanderous per se is the assumption that they charge a violation of the Sherman Antitrust Law (U. S. Code, tit. 15, § 1 et seq.), which is a Federal statutory crime.
Hot every violation of the Sherman Antitrust Law involves moral turpitude. Moreover, not enough is alleged in these counterclaims to indicate that the words attributed to plaintiff charged a violation of the Sherman Act. The conclusions of the pleader would not sustain an indictment under the Sherman Act, that plaintiff meant to charge by the words employed that defendants’ conduct was dishonest, unlawful, unethical, sharp and unfair. If the plaintiff had characterized defendants’ methods by these adjectives, such charges would have been slanderous per se irrespective of the Sherman Antitrust Law. The use of them by the pleader to express his version of what the plaintiff meant, does not make the words which plaintiff employed tend to charge the defendants with practices that are monopolistic or in restraint of trade. Hot every tie-in sale involves monopoly or restraint of trade: “ All question of monopoly or combination being out of the way, a private merchant, acting with entire good faith, may properly refuse to sell except in conjunction, such closely associated articles as ties and bagging. If real competition is to continue, the right of the individual to exercise reasonable discretion in respect of his own business methods must be preserved. United States v. Colgate & Co., 250 U. S. 300; United States v. A. Schrader’s Sons, Inc., 252 U. S. 85.” (Federal Trade Comm. v. Gratz, 253 U. S. 421, 428-429.) In the dissenting opinion, Justice Brandéis made a similar observation (p. 438): “ It is obvious that the imposition of such a condition is not necessarily and universally an unfair method; but that it may be such under some circumstances seems equally clear. Under the usual conditions of competitive trade the practice might be wholly unobjectionable.”
The mere circumstance that the supply in the United States of brass plumbing items exceeds the demand, and that the demand for pottery toilet fixtures exceeds the supply, would be insufficient to convict these defendants of violation of the antitrust laws. The allegation that the Sherman Act was violated is conelusory.
The orders appealed from should be reversed, and the counterclaims dismissed, with costs, but with leave to the defendants to plead special damages upon payment of costs.
Peck, P. J., Crlennon, Callahan and Shientag, JJ., concur in. decision; Van Voorhis, J., dissents in opinion.
Orders affirmed, with one bill of $20 costs and disbursements to the respondents. Ho opinion. [193 Misc. 351.]