CONCENTRA SHIPPING COMPANY, INC., Plaintiff, *v.* ISRAEL BLUM, Doing Business under the Name of I. BLUM, Defendant.

Supreme Court, Trial Term, New York County, October 11, 1949.

*Otto G. Geiringer* and *Max K. Schlem* for plaintiff.

*Singer & Levittan* for defendant.

HOFSTADTER, J. The plaintiff corporation, an international freight forwarder in this city, in May, 1948, handled for the defendant, a fur dealer also in this city, the customs entry and delivery of three bundles of raw mink skins consigned to the defendant on the steamship *Beauregard* which arrived in port on Friday, May 21, 1948. The goods were shipped from Sweden to Switzerland and there transshipped through the offices of a storage warehouse in Basle. Because of fluctuating market conditions at the time of the arrival of the skins here the defendant required immediate delivery and urged on the plaintiff the utmost speed in effecting the same. I do not deem it necessary

to recite the details of the plaintiff's efforts to comply with the defendant's instructions. The defendant actually received the goods on May 25, 1948, the earliest date on which delivery to him could have been completed. True, one of the defendant's employees went to the pier to hasten the transaction, but this participation of the defendant was due to no lack of competence or collaboration on the plaintiff's part but solely to the defendant's insistence, because of his own anxiety. This was the first transaction between the plaintiff and the defendant and the plaintiff, not unnaturally, required prepayment of its bill which included actual outlays. The plaintiff handled the shipment efficiently and with all possible dispatch and there is no justifiable ground for criticism of the plaintiff's service or charge.

Nevertheless, the defendant, apparently dissatisfied with the plaintiff's service or bill, or both, on the very day he received the goods sent a letter, not to the Basle warehouse responsible for the choice of the plaintiff as the forwarder, but to Gebr. Kuoni, A. G., of Zurich, Switzerland, who were the defendant's regular freight forwarders. Charging this letter to be defamatory, the plaintiff has instituted the present action for libel which has been tried before me. There is no need to set out either the text or substance of the communication complained of. It is sufficient to say that it definitely reflected on the plaintiff's business competency and facilities and was, therefore, clearly libelous per se (*Rosner* v. *Globe Valve Corp.*, 193 Misc. 351, affd. 275 App. Div. 703; *First Nat. Bank of Waverly* v. *Winters*, 225 N. Y. 47, 52). I find, too, that the letter was false.

However, the letter was addressed to the defendant's regular forwarding agent in Switzerland and concluded with the request that in future shipments this agent use another forwarder in New York. In the circumstances, the communication was privileged and, therefore, is not actionable in the absence of express malice (*Loewinthan* v. *LeVine*, 299 N. Y. 372; *Ashcroft* v. *Hammond*, 197 N. Y. 488; *Klinck* v. *Colby*, 46 N. Y. 427). There is no proof of such malice beyond what may be found in the letter itself. I do not find myself called upon to decide the question discussed in the briefs, whether express malice may be inferred from a privileged libelous communication. (See *Ashcroft* v. *Hammond*, 197 N. Y. 488, *supra;* Seelman on the Law of Libel and Slander, par. 272.) I am persuaded that the defendant's letter, though wholly uncalled for and utterly without support in fact, was nevertheless not sent in malice. Though the letter strayed far from the truth, still I am of the opinion that it was

542

due to hasty temper, the displeasure of the moment, rather than to evil design.

The resentment of the plaintiff's president and sole stockholder in the circumstances is understandable. His business was undoubtedly maligned. The law, however, affords no redress because of the immunity it gives a privileged communication. Judgment for defendant.