Shientag, J.
(dissenting). I dissent upon the ground that the words used are capable of the defamatory meaning ascribed to them and, if there is some other meaning which they are also capable of, it is a question of fact to be tried which meaning they did convey under all the circumstances of the publication in question (Pollock on Law of Torts [13th ed.], pp. 257-258), “ In an action for defamation, if the application or meaning of the words is ambiguous, or the sense in which they were used is uncertain, and they are capable of a construction which would make them actionable, although at the same time an innocent sense can be attributed to them, it is for the jury to determine upon all the circumstances, whether they were applied to the plaintiff, and in what sense they were used ” (Sanderson v. Caldwell, 45 N. Y. 398, 401). “ If the language is unambiguous, whether it is actionable becomes a question of law; but if ambiguous and capable of an innocent, as well as of a disgraceful meaning, the question becomes one for the jury to settle. When the defamatory meaning is not apparent, innuendo is necessary. If the words are incapable of the meaning ascribed to them by the innuendo and are, prima facie, not actionable, the complaint should be dismissed. If they are capable of such a meaning, however improbable it may appear, the jury should say whether they may be so understood ” (Morrison v. Smith, 177 N. Y. 366, 369; see, also, First Nat, Bank v. Winters, 225 N. Y. 47, 50),
*87 In view of the foregoing authorities, the complaint is sufficient in law upon its face and the order below denying the motion to dismiss the complaint should be affirmed.
Peck, P. J., Cohn and Van Voorhis, JJ., concur in Per Curiamopinion; Shientag, J., dissents and votes to affirm in opinion in which Callahan, J., concurs.
Order reversed, with $10 costs and printing disbursements to the appellant, the motion granted and judgment is directed to be entered dismissing the complaint herein, ■ with costs.