WAREHOUSE WILLY, INC., Respondent, v. NEWSDAY, INC., Appellant.

First Department, March 1, 1960.

*Andrew L. Hughes* of counsel (*Townley, Updike, Carter & Rodgers,* attorneys), for appellant.

No one appearing for respondent.

*Per Curiam.* In this libel action the defendant appeals from an order which denied a motion to dismiss the complaint for insufficiency.

The facts as alleged are that the plaintiff, Warehouse Willy, Inc., sells at reduced prices merchandise purchased from insolvent stores and warehouses. Through advertising, publicity and promotion, the plaintiff created in the minds of the public a substantial and valuable reputation. The defendant newspaper, Newsday, Inc., had originally published an advertisement for the plaintiff. Subsequent thereto, the defendant published the following statement:

## "CORRECTION

"In the Jan. 8 issue of Newsday an advertisement by Warehouse Willy stated that he had purchased the entire stock of Northport Hardware through the Bankruptcy Court. Northport Hardware Co. Inc. of Northport has not sold its stock to anyone, has never been in bankruptcy and is a long established going concern. Warehouse Willy mistakenly inserted the name of Northport Hardware in the advertising copy submitted to Newsday."

The complaint then alleges that by innuendo the statement charges the plaintiff with false advertising and imputes to it lack of honesty.

Since no special damages are alleged, the only question to be determined is whether the statement is libelous per se as to a corporation (*First Nat. Bank* v. *Winters,* 225 N. Y. 47).

Construed fairly and naturally the statement merely asserts that the plaintiff on one occasion mistakenly inserted a wrong name in advertising copy. The word " mistake " has been defined as " An apprehending wrongly; a misconception; a misunderstanding * * * A fault in opinion or judgment; an unintentional error." (Webster's New International Dictionary of the English Language [2d ed.], [unabridged].) It clearly does not connote a meaning of dishonesty (*Cheatham* v. *Westchester County Publishers,* 20 Misc 2d 770). At best it does no more than charge the plaintiff with being careless on one occasion. And it cannot be said that this carelessness pertains to the manner in which plaintiff operated its retail business (*Walker* v. *Best,* 107 App. Div. 304).

The statement clearly does not injure plaintiff's business reputation or damage its credit standing. Therefore, a necessary element of an action for libel per se against a corporation is missing. (*First Nat. Bank* v. *Winters, supra.*)

Nor does the pleaded innuendo cure the defect of the complaint. For the law is that " Innuendo may help to explain, but it cannot enlarge, the meaning of words " (*Gurtler* v. *Union Parts Mfg. Co.,* 285 App. Div. 643, 645, affd. 1 N Y 2d 5); and if the article is not susceptible to a libelous meaning, the innuendo cannot make it so (*Tracy* v. *Newsday,* 5 N Y 2d 134).

And finally, the pleaded extrinsic facts do not create any defamatory meaning in the published statement.

Inasmuch as the statement is not libelous and in these circumstances since no special damages are pleaded, the complaint does not state a cause of action. The order should be reversed, on the law, with costs to appellant, and the motion to dismiss the complaint granted.

BREITEL, J. P., RABIN, M. M. FRANK, VALENTE and STEVENS, JJ., concur.

Order unanimously reversed on the law, with $20 costs and disbursements to appellant, and the motion to dismiss the complaint granted, with $10 costs.