■ TERRI A. HERMAN, Respondent-Appellant, v JOHN M. CULLEN, Appellant-Respondent.—In an action to recover damages for libel, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated October 4, 1989, as (1) denied his motion to dismiss the complaint for failure to state a cause of action and for summary judgment pursuant to CPLR 3211 (c), and (2) denied his motion for financial sanctions for the plaintiff's conduct in commencing and continuing the action, and the plaintiff cross-appeals from so much of the same order as denied her cross motion for summary judgment.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied the defendant's motion for summary judgment, and substituting therefor a provision granting the defendant's motion and dismissing the complaint; as so modified, the order is affirmed, with costs payable by the plaintiff.

The alleged defamatory words, which formed the basis for

this action, were contained in a letter sent to the New York State Department of Health. The defendant sent additional letters to the medical administrators of two hospitals in which the plaintiff had privileges. The plaintiff's contention on appeal is that the caption in each of the letters, which was in bold type and read "Complaint of Professional Misconduct", was defamatory even though the bodies of the letters were admittedly not defamatory.

The plaintiff's contention is without merit. Words must be construed in the context in which they appear *(see, First Natl. Bank v Winters,* 225 NY 47). So construed, the words are referrable only to the conduct described in the bodies of the letters which description the plaintiff concedes is not defamatory. Under the circumstances, the defendant's motion for summary judgment should have been granted.

With respect to the defendant's motion for costs and sanctions, there has been no showing that the action was commenced or continued in bad faith. Bracken, J. P., Kunzeman, Kooper and Harwood, JJ., concur.