By the Court. Bosworth, J.
This count does not name any person with whom Osgood was in treaty for a loan, upon the security of a mortgage of plaintiff’s land, and who would have made a loan but for the speaking of the slanderous words.
Words spoken of and concerning the title to property are not actionable per se. Special damage must have resulted, or no action will lie. This must be stated in the complaint. To make such a statement as will constitute a cause of action, the person must be named who was induced not to purchase or make a loan hy reason of the slander.
In Malachy v. Soper et al., 3 Bing. N. C. p. 371, the declara *672 tion was defective in the particular assigned for cause of demurrer in this action. After verdict for the plaintiff, the defendant moved in arrest of judgment, on the ground that the declaration did not state any legal cause of action. The court, on full argument, deemed the objection well taken, and arrested the judgment.
Lowe v. Harwood, Cro. Car. 140; Tasborough v. Day, Cro. Jac. 484; Manning v. Avery, 3 Keble, 153; and Cane v. Goulding, Style’s Rep. 169, 170, were cited by the court as authorities fully sustaining their judgment.
We apprehend that, in all actions of slander for words not in themselves actionable, the right to recover depends upon the question whether they caused special damage, and that the special damage must be fully and accurately stated. If the special damage was- a loss of customers, or of a sale of property, the persons who ceased to be customers, or who refused to purchase, must be named; and that, if they are not named, no cause of action is stated. 1 Selden, R. 14, Kendall v. Stone.
In Tobias v. Harland, 4 Wend. 537, which was an action to recover damages for slanderous words spoken of articles manufactured by the plaintiff, whereby divers persons refused to purchase them, the declaration was held bad on general demurrer, because such persons were not named.
It is bad on general demurrer, because proof of the loss of other customers than those named is inadmissible. If none are named, nothing can be proved, and, as a necessary consequence, no legal cause of action is stated. Saunders’ Pie. & Ev. 243 (5); 1 Hall, Sup. Ct. R. 399.
The person or persons who were induced, by the slander, to refuse to purchase, or make a loan, must be called as witnesses. Their declarations are inadmissible as evidence to make out a cause of action. Tilk v. Parsons, 2 Car. & P. 201.
It is obvious that, unless they are named, a defendant will be utterly unable to make any preparation to try the question of special damage.
On both authority and principle, we consider the count demurred to bad in substance, and that the order appealed from must be reversed, and an order entered sustaining the demurrer. In this conclusion the Judge who made the order appealed *673 from concurs. The plaintiff may amend the count on payment of the costs of the demurrer and of this appeal.