THE REPORTERS' ASSOCIATION OF AMERICA, Respondent, *v.* THE SUN PRINTING AND PUBLISHING ASSOCIATION, Appellant.

1. LIBEL — WHEN CORPORATION MAY MAINTAIN ACTION FOR LIBEL. A corporation, like a natural person, has the right to maintain an action of libel when the publication assails its management or credit and inflicts injury upon its business or property, and an averment of specific damage is not necessary when the language is of so defamatory a nature as to directly affect credit and to occasion pecuniary injury.

2. SAME — WHEN ALLEGED LIBELLOUS STATEMENTS ARE NOT LIBELLOUS PER SE. Where it is stated in a newspaper article that a domestic corporation, engaged in the collection and distribution of news items and the publication of a magazine, has exchanged subscription lists with other concerns organized for the same purpose because the canvassers have always seemed to hit on the same easy marks and that the concerns are "beggars" for subscriptions and aid each other in soliciting them through the exchange of lists which show what persons have been successfully approached by each, such statements are not libellous *per se*, and they are not made such because the same article charged that persons connected with another news and magazine company were "grafters" and had "police records," where there is no other association of the plaintiff with the latter company, nor other implication of similarity in practices and police repute, than what may be found from both having been spoken of in the course of the same article.

3. SAME — PLEADING — INSUFFICIENT ALLEGATION OF SPECIAL DAMAGE CAUSED BY ALLEGED LIBEL. An allegation of a complaint in an action brought by a corporation, engaged in the collection and distribution of news and the publication of a magazine, against a newspaper for the publication of an alleged libel, that such publication "has caused to this plaintiff a serious loss in business, the refusal by clients to pay the just claims due by contract, and has greatly damaged the plaintiff in credit and reputation," is insufficient as an allegation of special damage in that it fails to state such damage with such particularity that the defendant may be enabled to meet the charge, and the complaint is demurrable, therefore, upon the ground that it fails to state facts sufficient to constitute a cause of action.

*Reporters' Assn.* v. *Sun Printing & Pub. Assn.*, 112 App. Div. 246, reversed.

(Argued November 12, 1906; decided December 18, 1906.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April

6, 1906, which affirmed an interlocutory judgment of Special Term overruling a demurrer to the complaint.

The plaintiff brings this action to recover damages for an alleged libelous publication in the *Sun,* a newspaper published in the city of New York by the defendant. The complaint alleges that the plaintiff is a domestic corporation, engaged in the collection and distribution of news items and the publication of a magazine. It sets forth the following matter as having been published in the *Sun,* " concerning the Newsboys' Company and Newsboys' Magazine," namely :

" Roosevelt called police,— and got back his letter from *Newsboy* employees.— Blue Pencil Grafters have exchanged mendicancy for peddling certificates of stock in philanthropic plant.— $250,000 to sell.— Watch your check book."

" Chief Sylvester made a careful examination of the Newsboys' Company and had its agents shadowed all over the country."

" That many in the concern, among them a woman, had police records."

" The chief of police probably has these records still."

It is then alleged that in the same article the following appeared, namely :

" Washington has been fruitful of checks until this, but thereafter the activity was transferred to this city. The beggars have been busy here ever since. Subscription lists seem to have been exchanged among the ' Press Artists' League,' the ' Reporters' Association of America,' ' The Interstate Press,' and a score of other concerns organized for the same purpose, because the canvassers have always seemed to hit on the same easy marks. One lawyer's check-book shows that since last March he has received visits from representatives of all these concerns."

The innuendo in the complaint is " that the mention of the plaintiff in the publication was made with the malicious intent to defame it " and to lead the public to believe that it was engaged in the same practices as the article had mentioned in connection with the Newsboys' Company. It is then, further,

alleged that the publication is wholly false "and has caused to this plaintiff a serious loss in business, the refusal by clients to pay the just claims due by contract and has greatly damaged the said plaintiff in credit and reputation, all in the sum of one hundred thousand dollars ($100,000)."

The defendant demurred to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action. At the Special Term the demurrer was overruled and, upon appeal to the Appellate Division, that order was affirmed. The affirmance was by a divided court and, thereafter, leave was given to appeal to this court; this question of law being certified to us : . "Does the amended complaint state facts sufficient to constitute a cause of action ? "

*Franklin Bartlett* for appellant.  The plaintiff is a domestic corporation, and without proper averment of special damage no corporation can maintain an action for libel, unless the complaint shows that the alleged libel directly affects the plaintiff's credit or financial standing, and necessarily occasions pecuniary injury. (*S. H. C. Co.* v. *N. E. N. Assn.*, 69 L. T. [N. S.] 844 ; *Williams* v. *Beaumont*, 10 Bing. [N. C.] 260 ; *M. O. Co.* v. *Hawkins*, 4 H. & N. 90 ; *L. H. S. Assn.* v. *Egerton*, 57 L. T. [N. S.] 770 ; *T. C. F. Co.* v. *Mussam*, 42 L. T. [N. S.] 851 ; *Mayor, etc.,* v. *Williams*, 63 L. T. [N. S.] 805 ; *A. S. S. Co.* v. *Bennett*, 73 Hun, 81 ; *U. A. Press* v. *Heath*, 49 App. Div. 247 ; *M. F. A. Co.* v. *Shields*, 68 App. Div. 88 ; *S. Mfg. Co.* v. *D. S. M. Co.*, 49 Ga. 70.) A criticism of methods of soliciting business is not libellous *per se*, either when published of an individual or of a corporation. (*A. B. Co.* v. *Gates*, 85 Fed. Rep. 729 ; *King* v. *S. P. & P. Assn.*, 84 App. Div. 310.) The amended complaint contains no proper averment of special damage, because it contains no sufficient allegation of facts, and the special damage must always be fully and accurately stated. (Newell on Slander & Libel, 634, 635, § 49 ; *Shipman* v. *Burrows*, 1 Hall, 399 ; *Linden* v. *Graham*, 1 Duer, 670 ; *Tobias* v. *Harland*, 4 Wend. 537 ; *Roberts* v. *Breckon*, 31 App. Div. 436 ; *Loftus* v. *Bennett,*

68 App. Div. 131; *Lynch* v. *Knight,* 9 H. L. Cas. 577;
*Morris* v. *Langdale,* 2 B. & P. 284; *Terwilliger* v. *Wands,*
17 N. Y. 54; *Vicars* v. *Wilcocks,* 8 East, 1; *Walker* v. *Best,*
107 App. Div. 307.)

*A. P. Bachman* for respondent. The publication is libel-
lous *per se,* and no allegation of special damage is necessary.
(Townshend on Libel, 471; *Kingsbury* v. *Bradstreet Co.,* 116
N. Y. 215; *Gates* v. *N. Y. R. Co.,* 155 N. Y. 228; *Cruik-
shank* v. *Gordon,* 118 N. Y. 178; *Triggs* v. *Sun,* 179 N. Y.
144; *Bornmann* v. *Star Co.,* 174 N. Y. 219; *Mattice* v.
*Wilcox,* 147 N. Y. 632; *Morey* v. *M. J. Assn.,* 123 N. Y.
207; *Moore* v. *Francis,* 121 N. Y. 199; *Morrison* v. *Smith,*
177 N. Y. 369.) The innuendo of the complaint is war-
ranted, properly alleged and within the scope of reasonable
interpretation. (*Chamberlain* v. *Vance,* 51 Cal. 75; *Beards-
ley* v. *Tappan,* 1 Blatchf. 588; *Andrews* v. *Woodmanse,* 15
Wend. 232; *Van Vechten* v. *Hopkins,* 5 Johns. 211; *Vaughan*
v. *Havens,* 8 Johns. 109; *Morrison* v. *Smith,* 177 N. Y. 369.)
If the publication is not libelous *per se* the amended com-
plaint sufficiently avers special damages in its fourth allegation.
(*N. Y. N. Pub. Co.* v. *S. S. Co.,* 148 N. Y. 39; *T. Ins. Co.*
v. *Perrine,* 3 Zabr. 402.)

Gray, J. The sufficiency of this complaint depends upon
its allegation of the special damage, which the plaintiff claims
to have sustained from the alleged libellous publication. That
a corporation has the right to maintain an action of libel,
when the publication assails its management, or credit, and
inflicts injury upon its business, or property, is a proposition,
which is true upon principle and which has the support of
authority. (See Newell on Slander and Libel, p. 360 and
cases cited.) It is as much entitled to the protection of the
law, in those respects, as is the natural person. It differs
from the latter, in that it has no character to be affected by a
libel; but its right to be protected against false and malicious
statements, affecting its credit, or property, should be beyond

question. There has been some dispute in the cases as to the necessity of setting out the specific damage, which a corporation claims to have suffered from a libellous publication; but I regard the better rule to be that such an averment is not necessary, when the language is of so defamatory a nature as to directly affect credit and to occasion pecuniary injury. (See *Shoe & Leather Bank* v. *Thompson*, 18 Abb. Pr. 413; *Knickerbocker L. Ins. Co.* v. *Ecclesine*, 2 J. & S. 76; *Union Assoc. Press* v. *Heath*, 49 App. Div. 247; *Trenton, etc., Ins. Co.* v. *Perrine*, 23 N. J. L. 402.) In the present case, the learned justices of the Appellate Division are in accord that this publication is not libellous *per se* and, as I think, correctly. It may well be that the Newsboys' Company and Newsboys' Magazine, which are spoken of in the earlier part of the article, might complain of its language; but, as it was observed below, "what is said with respect to the Newsboys' Magazine as to 'grafters' and 'police,' and 'police records,' cannot be said to legitimately refer to this plaintiff." There is no other association of this plaintiff with the Newsboys' Company and Magazine, nor other implication of similarity in practices and in police repute, than what may be found from both having been spoken of in the course of the article, and it would be going further than common sense allows to infer from that circumstance a necessary connection in disreputable practices. The portion of the article referring to the plaintiff, clearly, is not libellous *per se*. What does it import to say that "subscription lists seem to have been exchanged among the 'Press Artists' League,' the 'Reporters' Association of America,' 'The Interstate Press' and a score of other concerns organized for the same purpose, because the canvassers have always seemed to hit on the same easy marks," except that the concerns are "beggars" for subscriptions and aid each other in soliciting them, through the exchange of lists which show what persons have been successfully approached by each. It has not been considered injurious to a person's character, or to his credit, that he has importuned for business and it will not, I believe, be so considered

for a business corporation to do so. By reference to the record in *King* v. *Sun P. & P. Co.*, (84 App. Div. 310; affd., 179 N. Y. 600), to which counsel for the appellant calls our attention, it will be seen that we affirmed an order, sustaining a demurrer to a complaint, where the libellous article related to plaintiff's efforts to procure subscriptions for, and to effect sales of, the publication of a work of art and to his general business as a publisher. It was much more severe in personal allusions than the present article; but it was not considered libellous *per se* and the discussion in the courts was upon the sufficiency of the allegations of special damage.

The disagreement of the Appellate Division, in this case, was upon the question of the special damage alleged. That special damage must be alleged, the article not being libellous *per se*, was conceded; but the dissent was from the opinion that the allegation was sufficient, that the publication etc. "has caused to this plaintiff a serious loss in business, the refusal by clients to pay the just claims due by contract and has greatly damaged the plaintiff in credit and reputation." Under the settled rule, whenever special damage is claimed, the plaintiff must state it with particularity, in order that the defendant may be enabled to meet the charge. (1 Chitty on Plead. 414; Newell on Slander & Libel, 634; *Linden* v. *Graham*, 1 Duer, 670; *Bassil* v. *Elmore*, 65 Barb. 627; *Cook* v. *Cook*, 100 Mass. 194.)

In *Linden* v. *Graham*, (*supra*), it was said of an action of slander, (and the same rule would apply), that "the special damage must be fully and accurately stated. If the special damage was a loss of customers   *   *   *   the persons who ceased to be customers, or who refused to purchase, must be named; and that, if they are not named, no cause of action is stated. (1 Selden, 14; *Kendall* v. *Stone*)." In *Tobias* v. *Harland*, (4 Wend. 537), the slanderous words were spoken of articles manufactured by the plaintiff, whereby divers persons refused to purchase them. It was held that "the general allegation of the loss of customers is not sufficient to enable the plaintiff to show a particular injury," (English cases

being cited), and the demurrer was sustained. In Chitty's Pleading, (*supra* *p. 424), it is said " the general rule is that when the law infers damage and the words are actionable, without special damage, none need be laid in the declaration ; but that it is otherwise when the words are only actionable in respect of the particular injury resulting therefrom," and the rule is pertinently illustrated by the author. The reason for the rule should be quite obvious. If the article complained of is not defamatory of itself, damage is not implied in law. But if the plaintiff, nevertheless, charges that damage has actually occurred, as the result of the publication, then he should aver what it was and with such particularity as that it shall appear to be the legal, natural and proximate, if not the necessary, consequence of the article. (*Terwilliger* v. *Wands*, 17 N. Y. 54.) If that were not true, no legal cause of action would be shown. Furthermore, particularity in such a case is both proper and necessary ; because the facts must be peculiarly within the plaintiff's own knowledge and the defendant should have notice of the cause of complaint, to be prepared to meet it. (1 Chitty on Pl. *857.)

The damage charged in this complaint is a loss in business from the refusal of clients to pay just claims due upon contract. That, however, is, in effect, a statement that the loss was occasioned by the wrongdoing of a third person and, therefore, it cannot be the legal and proximate result of the defamation. For a contract debtor to refuse payment of his indebtedness is an illegal act, for which the law affords a complete remedy by an action ; in which a full indemnity is presumed. A breach of contract is an illegal act and it could not be regarded as the legal consequence of the alleged libellous article. (*Kendall* v. *Stone*, 5 N. Y. 14.) To allege the loss of some particular contract, or the business of some certain persons, would charge a specific damage, as the consequence of the publication of the article, which the defendant could prepare to meet upon the trial of the issue. There is that vagueness of language as to the clients, which was condemned in *Linden* v. *Graham*, (*supra*).

For these reasons I think this complaint failed to state a sufficient cause of action, according to the rules of pleading, which have been laid down in the books and which commend themselves as being reasonable.

I advise, therefore, that the question certified be answered in the negative; that the order and judgment appealed from be reversed and that the defendant have judgment dismissing the complaint, with costs in all the courts; but with leave, however, to the plaintiff, within twenty days from service of the order and upon payment of the costs, to amend its complaint.

CULLEN, Ch. J., HAIGHT, VANN and WERNER, JJ., concur; HISCOCK, J., concurs on ground last stated in opinion; WILLARD BARTLETT, J., not sitting.

Ordered accordingly.