### HAPGOODS v. CRAWFORD.

(Supreme Court, Appellate Division, First Department. May 8, 1908.)

SLANDER—COMPLAINT—INNUENDO—SLANDER OF CORPORATION OR OFFICERS.

    By reason of the innuendo, the complaint by a corporation alleging that defendant slandered plaintiff by saying, "it [meaning plaintiff] is composed of a lot of fakirs * * * who are devoted to fraudulent practices and take advantage of men when in their weakest position to extort money from them and give them absolutely nothing in return, meaning thereby that the officers of plaintiff were fakirs, * * * and were persons of bad character with whom it was dangerous to do business, and said words were so understood by those in whose presence they were uttered," states a slander of plaintiff's officers merely, for which it cannot sue.

    Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Hapgoods against James L. Crawford. From an interlocutory judgment overruling a demurrer to the fourth cause of action in the amended complaint, defendant appeals. Reversed and demurrer sustained, with leave to amend.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Henry Hirschberg, for appellant.
H. B. Bradbury, for respondent.

HOUGHTON, J. The plaintiff is a business corporation, and the action is for slander against it. The fourth cause of action alleged in the complaint, to which the defendant demurred on the ground that it fails to state facts sufficient to constitute a cause of action, sets forth that the defendant was guilty of slandering the plaintiff in that he said that "it [meaning the plaintiff] is composed of a lot of fakirs, robbers, thieves, and business pirates, who are devoted to fraudulent practices, and take advantage of, men when in their weakest position to extort money from them and give them absolutely nothing in return, meaning thereby that the officers of the plaintiff were fakirs, robbers, thieves, and business pirates, and were persons of bad character with whom it was dangerous to do business, and said words were so understood by those in whose presence they were uttered."

No special damages are alleged. Had the plaintiff been content to allow the words their ordinary meaning, possibly a good cause of action against the plaintiff corporation would have been alleged. By the innuendo which it has pleaded, however, it alleges that the hearers understood the words as referring to the officers of the corporation, and not to the corporation itself.

A corporation may sue for a libel upon it as distinct from a libel upon its individual members, and a corporation engaged in business may maintain an action for libel upon such business without proof of special damage, where the language used concerning it is defamatory in itself and injuriously and directly affects its credit and necessarily and directly occasions pecuniary injury. Union Associated Press v. Heath, 49 App. Div. 247, 253, 63 N. Y. Supp. 96; Mutual, etc., Ass'n, v. Spectator Co., 50 N. Y. Super. Ct. 460. It cannot maintain an action for slander or libel upon words spoken or published solely of and concerning its officers· or stockholders. Brayton v. Cleveland Special Police Co., 63 Ohio St. 83, 57 N. E. 1085, 52 L. R. A. 525.

Interpreting the words uttered as the plaintiff alleges they were spoken and understood, they related to the officers of the corporation and not to the corporation itself. The demurrer was therefore properly interposed, and should have been sustained.

The interlocutory judgment should be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to amend its complaint within 20 days upon payment of costs. All concur except LAUGHLIN, J., who dissents.

LAUGHLIN, J. (dissenting). I am of the opinion that the statements slander the corporation, and that they are slanderous per se. Plaintiff is a duly incorporated employment agency "engaged in procuring positions of a technical, executive, clerical, and salaried nature for men only throughout the United States." It is alleged that defendant said concerning the plaintiff in the presence and hearing of others, in substance, that it is composed of dishonest men who are engaged in fraudulent practices in taking advantage of men and extorting money from them without giving anything in return. In an action by a corporation for libel or slander, damages are presumed when the management or credit of the corporation is assailed. Reporters' Association v. Sun Printing & Publishing Co., 186 N. Y. 437, 79 N. E.

710. The charge is not made expressly that the corporation is guilty of dishonest practices, but the charge is pointedly made against all of its officers upon whom it must rely to conduct its business, and that affects the corporation itself, and is sufficient to render an article published or words uttered libelous or slanderous per se as against the corporation. Mutual Reserve Fund Life Ass'n v. Spectator Co., 50 N. Y. Super. Ct. 460. The words uttered being slanderous per se, the complaint is good on demurrer, even though plaintiff has alleged an innuendo of which the words are not susceptible, or has alleged that they were understood in a sense different from their ordinary meaning; for upon the trial plaintiff may rest upon the words as uttered, and abandon the construction placed thereon in the complaint and the innuendo. See Morrison v. Smith, 177 N. Y. 366, 369, 69 N. E. 725. Since the nature of the slander was such that damages to the corporation are presumed, the action lies to recover general damages on the theory that the words are slanderous per se without special damages being alleged. I am therefore of opinion that the interlocutory judgment should be affirmed, with costs.