MOORE & MUNGER COMPANY, Respondent, *v.* MOTOR TRADES PUBLISHING COMPANY, Appellant.

First Department, November 26, 1915.

**Libel — article libelous per se — charging firm with bankruptcy.**

The rule that to falsely charge a person engaged in business, to whom commercial credit is of the utmost importance, with bankruptcy, is libelous *per se*, applies to corporations as well as to natural persons.

An allegation that a firm went into bankruptcy "several months ago," affects the present credit of said firm.

APPEAL by the defendant, Motor Trades Publishing Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of June, 1915, overruling a demurrer to the complaint.

*William F. Goldbeck,* for the appellant.

*L. E. Warren,* for the respondent.

Order affirmed, with ten dollars costs and disbursements, on the opinion of PAGE, J., with leave to defendant to withdraw demurrer and to answer on payment of costs.   No opinion.

Present — INGRAHAM, P. J., McLAUGHLIN, LAUGHLIN, DOWLING and SMITH, JJ.

The following is the opinion of the court below:

PAGE, J.:

The alleged libelous article published by the defendant concerning the plaintiff as set forth in the complaint states that the plaintiff's automobile plant in New York city has been purchased by another company and adds: " The firm of Moore & Munger went into bankruptcy several months ago, due, it was said, to the losses sustained in the failure of the Palmer-Singer and Benz Companies in New York." In a recent case the Appellate Division of this department held that "falsely to

charge a person engaged in business, to whom commercial credit is of the utmost importance, with bankruptcy is libelous *per se.*" (*Hynds* v. *Fourteenth Street Store,* 159 App. Div. 766, 776.) The rule as to libelous words which affect credit applies to corporations as well as to natural persons. (*Reporters' Assn.* v. *Sun Printing & Pub. Assn.,* 186 N. Y. 437.) The claim of the defendant that the words complained of referred to past bankruptcy and did not affect the present credit of the plaintiff is untenable. An allegation that a person went into bankruptcy "several months ago" would certainly have an effect upon the present credit of the person concerning whom it was spoken. The plaintiff's motion for judgment on the pleadings is granted, with ten dollars costs, with leave to the defendant to withdraw the demurrer and interpose an answer within ten days upon payment of said costs, in default of which judgment will be entered for the plaintiff for the relief demanded in the complaint, with costs.