## CAL–THERM INDUSTRIES, Inc., v. DUN & BRADSTREET, Inc.

District Court, S. D. New York.

Jan. 6, 1948.

William W. Lowell, of New York City, for plaintiff.

542

White & Case, of New York City (Chester Bordeau and Edgar E. Barton both of New York City, of counsel), for defendant.

RYAN, District Judge.

This action is brought to recover for an alleged libel. Plaintiff alleges it was damaged by a financial report issued by defendant. The complaint contains no allegation of special damage. Plaintiff contends that the report is libel per se.

■ Defendant moves, after answer, for a dismissal of the complaint for insufficiency in law. The Court, however, considers this motion as one for judgment on the pleadings and entertains it under Federal Rules of Civil Procedure, rule 12(b) (6), (c), 28 U.S.C.A. following section 723c. Brown v. W. T. Grant Co., D.C., 53 F.Supp. 182.

The financial report containing the alleged libel is pleaded at length in Paragraph "Fifth" of the complaint. It is not necessary to set forth here the entire report as pleaded. It contains, among its many paragraphs reciting the background of the plaintiff corporation and its promoters, the following:

A statement furnished by Jack Dubov Co. as of inventory date of March 31, 1946, indicated current assets of $105,940, current liabilities $645,548, and a net worth $44,606, with sales from January 1, 1946 to April 30, 1946 amounting to $375,875 and currently said to average about $100,000. monthly."

The complaint further alleges in Paragraph "Sixth":

"That the Jack Dubov, named and referred to in the above quoted report, is the same person and the principal officer and stockholder of the plaintiff mentioned in Paragraph "Fourth" hereof; that the Jack Dubov Co. named and referred to in the above quoted report is a concern of which said Jack Dubov is the principal one of financial interest; and that the naming of Jack Dubov and the Jack Dubov Co. and the references to them in said report was meant and intended by the defendant to convey to the reader thereof the impression and meaning thereby that the financial condition of the plaintiff was inseparably connected with and affected by the financial condition of said Jack Dubov and said Jack Dubov Co."

It is set forth in the complaint that by publication of the report, defendant meant to charge and did mean "that the plaintiff was financially involved and inseparably connected with the concern, namely Jack Dubov Co."; and that defendant by said report published that the plaintiff was in an "unsafe and weak financial condition and one not justifying the extension of any credit but, on the contrary, indicating that no credit should be extended and that sales and deliveries of merchandise should be made only on a C.O.D. or prepaid basis." Plaintiff concludes in his complaint that, by reason of the publication of the alleged libel, its credit was impaired, its capital was tied up, that it was unable to obtain essential materials and that it "suffered the loss of numerous orders for large and valuable quantities of its products," and that its "credit, fame and reputation have been irreparably injured," all to its damage in the sum of $100,000.

■ The alleged libel contains financial statistics, not of the plaintiff corporation, but of one of its officers, stockholders and promoters of the business. "A corporation cannot maintain an action for slander or libel upon words spoken or published solely of and concerning its officers or members." Adirondack Record Inc., v. Lawrence, 202 App.Div. 251, 255, 195 N.Y.S. 627, 630. See also: Hapgoods v. Crawford, 125 App. Div. 856, 110 N.Y.S. 122; Brayton v. Cleveland Special Police Co., 63 Ohio St. 83, 57 N.E. 1085, 52 L.R.A. 525; Memphis Telephone Co. v. Cumberland Tel. & Tel. Co., 6 Cir., 145 F. 904.

■ Plaintiff in order to sustain his complaint without allegations of special damage must show that the alleged libel contains a false statement or charge concerning itself, and not one of its officers, promoters or principal stockholders.

Since the complaint contains only general allegations of damage, the Court must determine whether or not the report complained of was in and of itself libelous.

■ The test to be applied in determining this is expressed in O'Connell v. Press

Pub. Co., 214 N.Y. 352, at page 358, 108 N.E. 556, at page 557: "It was not in and of itself libelous unless the language, as a whole, considered in its ordinary meaning, naturally and proximately was so injurious to the plaintiff that the court will presume, without any proof, that his reputation or credit has been thereby impaired."

The Court has read the entire report as set forth in the complaint to determine whether it is libelous per se. Gunder v. New York Times Co., D.C., 37 F.Supp. 911; Schwimmer v. Fox, 150 Misc. 562, 271 N.Y.S. 82.

The report is not upon its face a libel of the plaintiff corporation, and it becomes so only by reason of facts extrinsic to it which are alleged in the complaint.

"Where a plaintiff in an action for libel must rely on extrinsic facts in order to establish the libel, special damage must be pleaded. O'Connell v. Press Publishing Co. 214 N.Y. 352, 108 N.E. 556. In the present complaint plaintiff sets forth extrinsic facts, but fails to allege special damage. Accordingly, her complaint must be held insufficient, unless the article complained of is libelous per se." Kuhn v. Veloz, 252 App. Div. 515, 299 N.Y.S. 924, 925.

The motion to dismiss the complaint is therefore granted.

Settle order on notice.