KENNEDY CONSTRUCTION COMPANY, Plaintiff, *v.* PRESS COMPANY, INC., Defendant.

Supreme Court, Special Term, Albany County, September 20, 1950.

*Joseph J. Casey* for defendant.

*John A. Brady* for plaintiff.

ELSWORTH, J. This action is one for libel. Three causes of action are set forth in the complaint. They are based respectively on three separate publications made in defendant's newspaper, *Knickerbocker News,* on November 15, 16 and 17, 1949. The alleged libelous matter in each publication is pleaded specifically together with allegations of innuendo. The complaint also contains some allegations of extrinsic facts.

The defendant has moved pursuant to rule 106 of the Rules of Civil Practice for dismissal of the complaint. The basis of the motion is an asserted insufficient pleading of special damages by the plaintiff.

The complaint alleges that the plaintiff is a domestic corporation with its office and principal place of business in the city and county of Albany; that it is the owner of a large office building located at No. 39 Columbia Street in the city of Albany " sometimes referred to and known and designated as the ' Hoy Building ' ''; that the first floor of said building is used and occupied as offices by the Civil Service Department of the State of New York, as tenant under a written lease from plaintiff to the State of New York, expiring on March 1, 1951; and that the various other floors of said building are used and occupied as offices by various other bureaus, divisions and departments of the State of New York, as tenants under written leases from plaintiff to the State of New York. While the complaint contains no specific allegations of the retention of control and management of the said building in the plaintiff, it appears that the same may be reasonably inferred from all the facts pleaded.

No detailed recital of the published matters which are claimed to constitute the libels in question is required for the determination of the instant motion. It suffices to state that the same

are directed generally at certain health and sanitary conditions allegedly obtaining in and about plaintiff's said " Hoy Building ".

In each of the three causes of action damages are pleaded in identical language. The following material allegations are quoted therefrom: " That said publication * * * did greatly damage and injure plaintiff in its good name, reputation and credit and hold plaintiff, its officers, agents, servants and employees up to public scorn, hatred, infamy, disgrace, ridicule and contempt, and has brought plaintiff into public obloquy and disrepute and has caused and brought about a series of highly publicized probes and investigations of the business affairs, property and personnel of plaintiff, and has caused several employees of the State of New York, working in plaintiff's said premises to openly express their desire to work there no longer for fear of contracting tuberculosis and has subjected the lease between plaintiff and the State of New York of plaintiff's said premises to threatened cancellation because of the public hue and cry brought about by the publication of said newspaper article and the libelous language and matter therein contained, and has damaged and jeopardized the rental income of plaintiff and subjected plaintiff to various legal penalties and obligations, and has damaged, destroyed and ruined the rental value of said premises, and plaintiff has lost various rental agreements and renewals which it could have otherwise obtained, resulting in huge present and future financial losses if said libelous newspaper article and the language and matter contained therein had not been published, * * *."

In support of its motion the defendant contends that the matters published are not libelous per se and if actionable are made so only by the pleading of extrinsic facts. It asserts, therefore, that under the rule laid down in *O'Connell* v. *Press Pub. Co.* (214 N .Y. 352) there must be a proper and sufficient pleading of special damages in order to give rise to à cause of action and that the plaintiff's complaint here is deficient in that respect. The soundness of the holding in *O'Connell* v. *Press Pub. Co.* (*supra*) has been vigorously assailed by Seelman in his work on The Law of Libel and Slander (pp. 48–65) and some later decisions cited by him appear to show nonadherence thereto. In view, however, of the grounds stated below as the basis of decision herein, neither acceptance nor rejection of the rule in the *O'Connell* case is presently called for.

It is the contention of the plaintiff in opposition that the matters alleged in each cause of action are libelous per se and therefore give rise to a cause of action without any allegations of either extrinsic facts or special damages. Accordingly, it asserts that the complaint is good even if its allegations of extrinsic facts and special damages are wholly disregarded.

Due consideration of the above-quoted damage allegations of the complaint leads to the reaching of a conclusion that special damages are sufficiently pleaded to defeat defendant's motion for dismissal. Any other or further issue raised by either of the parties in their aforesaid respective contentions therefore does not require determination here.

Some of the items of damage alleged may well be of a nature for which no legal basis of recovery exists. In that connection it is pointed out that originally, at least, the right of action in a corporation for libel was recognized on the theory of protection for injury " sustained in its property " (*Shoe & Leather Bank* v. *Thompson,* 18 Abb. Prac. 413, 417). The following alleged items of damage, however, are clearly not in an objectionable category: (1) Damage to plaintiff's rental income; (2) destruction and ruination of rental value, and (3) the loss of rental agreements and renewals. These can only be construed as alleging pecuniary injury directly flowing from the publications. The plaintiff's duty in the premises is to plead its special damages with such particularity as would enable the defendant to meet the same (*Reporters' Assn.* v. *Sun Print. & Pub. Assn.,* 186 N. Y. 437, 442), by giving " a plain and concise statement of the material facts * ° * but not the evidence by which they are to be proved." (Civ. Prac. Act, § 241.) That it has done, and pointedly so, when considered in the light of defendant's right to demand a bill of particulars and to seek further detailed enlightenment by way of examination before trial if it so elects. (See *Shoe & Leather Bank* v. *Thompson, supra,* p. 418.)

The determination as made herein places no discernible hardship or prejudice upon the defendant. A contrary view, however, would patently subject the plaintiff to technicalities wholly unwarranted in the modern aspect of liberal rather than narrow construction of pleadings.

The motion to dismiss is denied, with $10 costs. The defendant shall have leave to answer within twenty days after service of the order.

Submit **order.**