JEROME S. ISAACS, Respondent, v. PAN AMERICAN TRADING COMPANY et al., Appellants.— In an action by a former director, officer, and employee of a corporation against the corporation and directors and officers thereof to recover damages for breach of contract and for inducing the breach, the corporation interposed defenses and counterclaims purporting to plead causes of action to recover damages based on slander per se. (Fifth and Sixth defenses and counterclaims.) The corporation and the officers and directors appeal from an order granting respondent's motion to dismiss those defenses and counterclaims for insufficiency. Appeal by the directors and officers dismissed, without costs. The separate defenses and counterclaims which were dismissed were pleaded only by appellant Pan American Trading Company. No other appellant is an aggrieved party entitled to appeal within the meaning of section 557 of the Civil Practice Act. (Cf. *Grabb* v. *Nicholas,* 2 A D 2d

446, appeal dismissed 3 N Y 2d 769.)   Order reversed, with $10 costs and disbursements, and motion denied, with leave to respondent to reply within 10 days after the entry of the order hereon.   The oral statements, alleged to have been made by respondent to banks and customers with which the corporate appellant was doing business, were to the effect that said appellant had acted illegally and had chosen an official whose reputation warranted care in future dealings with that appellant, and that its bank accounts were about to be "tied up".   In our opinion, these statements were "of so defamatory a nature as to directly affect credit and to occasion pecuniary injury" (*Reporters' Assn. of America* v. *Sun Print. & Pub. Assn.*, 186 N. Y. 437, 441) to the corporate appellant, and were actionable without allegations of special damage (cf. *Gurtler* v. *Union Parts Mfg. Co.*, 285 App. Div. 643, affd. 1 N Y 2d 5; *Nih* v. *Bolman*, 307 N. Y. 725; *Hannes* v. *Bender*, 115 N. Y. S. 2d 537; *Walter* v. *Duncan*, 153 N. Y. S. 2d 916; *Courtney* v. *Marcus Loew Booking Agency*, 125 N. Y. S. 2d 224, affd. 283 App. Div. 867).   A corporation may maintain an action based upon slander per se (*Rosner* v. *Globe Valve Corp.*, 193 Misc. 351, affd. 275 App. Div. 703).   Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur; Nolan, P. J., concurs in the dismissal of the appeal by the directors and officers but dissents from the reversal of the order and votes to affirm, with the following memorandum: The statements alleged to have been made concerning the corporate appellant were not, standing alone, slanderous per se, since it does not appear that the language complained of was of so defamatory a nature as to directly affect that appellant's credit and to occasion pecuniary injury.   (Cf. *New York Bur. of Information* v. *Ridgway-Thayer Co.*, 119 App. Div. 339, 344, revd. 193 N. Y. 666; *Reporters' Assn. of America* v. *Sun Print. & Pub. Assn.*, 186 N. Y. 437, 441.)   Neither are the counterclaims by this appellant aided by the innuendoes pleaded, which seek to enlarge the meaning of the spoken words.   As for the words alleged to have been spoken concerning this appellant's vice-president and treasurer, it should be noted that a corporation may not maintain an action for slander or libel because of words spoken or published solely of and concerning its officers or members (*Adirondack Record* v. *Lawrence*, 202 App. Div. 251, 255; *Hapgoods* v. *Crawford*, 125 App. Div. 856).   The corporate appellant should, by amendment, plead facts sufficient to sustain its contention that the spoken words were slanderous per se, or that it has suffered special damages.