WARNER COMPANY, Plaintiff,

v.

BRANN & STUART COMPANY, Defendant.

Civ. A. No. 27570.

United States District Court
E. D. Pennsylvania.

Oct. 23, 1961.

Schnader, Harrison, Segal & Lewis, W. Bradley Ward, Arlin M. Adams, Tom P. Monteverde, Philadelphia, Pa., for plaintiff.

William F. Scheid, Jr., Philadelphia, Pa., for defendant.

KRAFT, District Judge.

This case is before us on plaintiff's motions to quash a writ of foreign attachment, and to dismiss the third count of the counterclaim, or, in the alternative, to require the posting of a bond in connection therewith.

The nature of the controversy and the issues raised by the pleadings will be noticed at the appropriate place. We merely point out here that defendant filed an answer to the complaint, which was later amended to add a counterclaim. Plaintiff filed a reply.

On April 18, 1961, defendant issued a writ of foreign attachment ancillary to its counterclaim and attached balances in several of plaintiff's bank accounts. Thereafter, we dissolved the attachment on plaintiff's posting a bond in a substantial amount.

Plaintiff's motion to quash is grounded on the contention that, under the Pennsylvania Rules of Civil Procedure, 12 P.S. Appendix, foreign attachment is not available at any stage of the proceedings on a defendant's counterclaim.

■ We think plaintiff's contention is sound. Under F.R.Civ.P. 64, 28 U.S.C., foreign attachment, inter alia, is "available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought."

The Pennsylvania Rules of Civil Procedure governing foreign attachment—Rules 1251 to 1279—do not authorize the issuance of foreign attachment at the instance of a defendant. Moreover, in the Commentary under Rule 1252, Goodrich-Amram states (2 Standard Pennsylvania Practice, Procedural Rules Service, pp. 20–21):

"The Rules continue the prior practice, which limited the right to proceed by way of attachment to the plaintiff. A defendant asserting a counterclaim may not attach property of the plaintiff."

The reason for the distinction is explained in a footnote:

"17 Since, historically, attachment was a form of process designed to compel the appearance of the defendant it would obviously be a plaintiff's remedy. See § 1251–2, supra. The change in nature of the writ by the addition of a secondary purpose, to obtain a fund for the satisfaction of a judgment, would provide some basis for extending it to the defendant. This secondary purpose alone, however, is insufficient to justify the grant of a special right to anticipate a judgment on counterclaim by attachment of property before the merits of the cause of action have been litigated."

■ Under the Pennsylvania statutes, foreign attachment is exclusively a plaintiff's remedy. The rule of strict construction obtains, as pointed out in the very recent case of Alpers v. New Jersey Bell Telephone Co., 1961, 403 Pa. 626, 628, 170 A.2d 360, 361:

"Foreign attachment—an extraordinary remedy—is a creature of statute and the statutory provisions which are subject to strict construction, furnish the sole source for the authority of a court to issue the writ: See: Kohl v. Lyons et al., 125 Pa.Super. 347, 349, 350, 189 A. 498."

Accordingly, plaintiff's motion to quash will be granted.

■ Defendant contends that, since plaintiff has replied on the merits to the counterclaim, plaintiff's motion to dismiss the third count thereof came too late. We shall treat the motion as one for judgment on the pleadings and rule accordingly. Gaynor v. Metals Reserve Co., 8 Cir., 1948, 166 F.2d 1011; Cal-Therm Industries v. Dun & Bradstreet, D.C.S.D.N.Y.1948, 75 F.Supp. 541.

The complaint, in the first count, avers, inter alia, that on January 29, 1959, plaintiff, Warner Company ("Warner"), and defendant, Brann & Stuart Company ("Brann & Stuart"), entered into an agreement providing for the purchase by Warner from Brann & Stuart of 438,500 shares of capital stock of Atlantic Prestressed Concrete Company ("Atlantic"); that in paragraph 6 of the agreement, Brann & Stuart warranted and covenanted that financial statements of Atlantic prepared by certified public accountants as of December 31, 1958, were true and correct as of that date; that in reliance upon said warranty, Warner purchased the said shares of stock from Brann & Stuart; that said financial statements were not true and correct as of December 31, 1958, and, consequently, Brann & Stuart has breached said warranty; that by reason of said breach of warranty, Warner has been damaged in the amount of $550,000. It is unnecessary here to consider other counts in the complaint.

Defendant's answers to this claim are not material for present purposes.

The counterclaim, in the first count, avers, inter alia, that on January 29, 1959, Warner and Brann & Stuart entered into an agreement to transfer to Warner 438,500 shares of the capital stock of Atlantic owned by Brann & Stuart in exchange for the transfer by Warner to Brann & Stuart of 30,000 shares of Warner common stock "and an additional 10,000 shares of Warner common stock to be delivered if the net earnings of Atlantic exceeded $200,000, at the rate of 25 shares for each $1,000 of earnings over $200,000 during each year of the three year periods succeeding the contract"; that the agreement provided that determination of Atlantic's earnings shall be made by Atlantic's regular accountants at their regular audit of Atlantic in accordance with accepted accounting principles. Further averments are that, pursuant to said agreement, Brann & Stuart received and became the owner of 30,000 shares of Warner common stock but no additional stock has been delivered; that prior to the exchange of stock, Warner and Brann & Stuart each owned 438,500 shares or 50% of Atlantic's stock, and pursuant to the agreement Brann & Stuart transferred its Atlantic stock to Warner, making Warner the holder of all of Atlantic's stock; that Brann & Stuart demanded of Warner that it account to Brann & Stuart, in accordance with the terms of the agreement, for Atlantic's earnings and deliver to Brann & Stuart such shares of Warner common stock as Brann & Stuart was entitled to under the agreement, but that Warner has failed and refused and still fails and refuses so to account or deliver said stock. Brann & Stuart claims to have suffered damage in the amount of $250,000, on account of Warner's alleged acts and omissions.

The second count of the counterclaim is essentially a restatement of the first.

The third count—the subject of plaintiff's motion—makes the additional averments that, in the operation of Atlantic, Warner sold concrete and other materials and supplies and made other charges to Atlantic at excessive and unreasonable rates or prices, "and has otherwise mismanaged the affairs and operations of Atlantic and Warner"; that as a result of said sales and charges at excessive and unreasonable rates or prices "and otherwise mismanaging the affairs and operations of Atlantic and Warner", the earnings, income and worth of Atlantic and Warner have been incorrectly and improperly stated. Paragraph 15 avers:

"Warner knew or should have known that said sales and charges would be and were being made at ex-

cessive and unreasonable rates or prices, that the affairs and operations of Atlantic and Warner would be and were being mismanaged, and that said earnings and income and worth of Atlantic and Warner would be and were being incorrectly and improperly stated. Warner intended to deceive and did deceive Brann & Stuart and also failed to exercise the proper degree of care required under the circumstances in regard to said sales, charges, management and statement of earnings."

Brann & Stuart claims to have suffered damage in the amount of $2,250,000, because of Warner's alleged acts and omissions.

Warner's motion to dismiss avers that the third count does not state a cause of action; that it lacks the necessary averments if it purports to constitute a claim by Brann & Stuart as a stockholder of Warner; that if the Court should conclude that the averments are sufficient to support a stockholder's derivative claim, Brann & Stuart should be ordered to post the required bond.

We understand from Brann & Stuart's oral and written arguments that the third count of its counterclaim was not intended as a derivative claim for alleged mismanagement by Warner of the affairs of Warner or Atlantic. Warner contends that, in that event, the only possible claim contained in the third count must be a claim for the value of 10,000 additional shares of Warner stock on the theory that mismanagement of Atlantic's affairs by Warner subsequent to Warner's acquisition of all of Atlantic's stock affected Atlantic's profits in a manner which deprived Brann & Stuart of Warner's stock which Brann & Stuart was to receive if Atlantic's profits attained certain levels. This claim, Warner contends, is already embraced in the first and second counts, supra, and therefore Warner's motion to dismiss should be granted in its entirety, or, at least, the third count should be dismissed except as it alleges a claim identical with the claims in the first and second counts.

Brann & Stuart argues that the count sufficiently avers "that there was fraudulent misrepresentation and deceit in a situation where Warner owed a duty to disclose secret profits, and the true income and worth of the enterprise as well as not to commit the acts enumerated in the count under a confidential relationship arising as a co-adventurer in a business enterprise or confidential relationship arising from the terms of the contract for the sale of stock." It asserts that its damages could include additional damages of $2,000,000 which it has suffered "because of this fraud and gross negligence through the loss of credit and financial standing."

We are bound to say that the pleading, which is scarcely a model, does not comply with the requirements of F.R.Civ.P. 8. Nevertheless, it is too late to order a more definite statement under Rule 12. It is the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. Conley v. Gibson, 1957, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80. Applying that test, we must deny Warner's motion to dismiss.

Direct actions, of course, do not fall within the purview of the Pennsylvania statutes relating to the giving of security in derivative actions. Reifsnyder v. Pittsburgh Outdoor Advertising Co., 1961, 405 Pa. 142, 149, 173 A.2d 319.

### Order

Now, October 23, 1961, it is ordered and decreed that:

1. Plaintiff's motion to quash the writ of foreign attachment is granted.

2. Plaintiff's motion to dismiss the third count of the counterclaim, or to require the posting of bond in connection therewith, is denied.