**In re Len THOLE, Jr., Debtor.**

**Bankruptcy No. 3–82–2410.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

July 21, 1983.

Lon Erickson, Oakdale, Minn., for debtor, Len Thole.

John Guzik, St. Paul, Minn., for Shelby Mut. Ins. (movant).

## MEMORANDUM ORDER

JOHN J. CONNELLY, Bankruptcy Judge.

A hearing on the motion of Shelby Mutual Insurance Company, creditor of the Debt-

or, Len Thole, to extend the period of time to file a complaint to determine the dischargeability of a debt, was held on June 21, 1983. John P. Guzik, Esq., appeared on behalf of the Shelby Mutual Insurance Company and Lon Erickson, Esq., appeared on behalf of the Debtor, Len Thole.

Now, upon the arguments of counsel and the record, the Court makes the following Memorandum Order pursuant to Bankruptcy Rule 752.

## I.

The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on December 21, 1982. Pursuant to 11 U.S.C. § 523(c) and Bankruptcy Rules 404 and 409, the Court established March 21, 1983 as the last day for filing a complaint to determine dischargeability of any debt and for filing a complaint objecting to the discharge of the Debtor. That date was sixty days after the date set for the first meeting of creditors. Shelby Mutual Insurance Company, on June 8, 1983, filed a motion to extend the period of time to file a complaint to determine dischargeability of certain debts.

Plaintiff admits the motion was not timely filed. Plaintiff contends, however, that they were diligent in filing the motion once they learned of the bankruptcy proceedings when they received the notice of discharge around April 22, 1983. Plaintiff's request for enlargement of the filing period is premised on two arguments: (1) Bankruptcy Rules 404(c) and 409(a)(2) give the Court authority to extend the time "for cause;" and (2) since the last day to file complaints was set at sixty days after the first meeting of creditors, rather than the permitted maximum of ninety days, the Court should be inclined to extend the filing period in light of the fact the application to extend the period was filed within the ninety-day period.

Bankruptcy Rule 409(a)(2) provides, in relevant part:

*Time for Filing Complaint Under [Section 523(c) of the Code]; Notice of Time Fixed.* The court shall make an order fixing a time for the filing of a complaint to determine the dischargeability of any debt pursuant to [Section 523(c) of the Code]. The time shall not be less than 30 days nor more than 90 days after the first date set for the first meeting of creditors.... The court may for cause on its own initiative or on application of any party in interest, extend the time fixed under this paragraph.

Bankruptcy Rule 404(c) provides:

*Extension of Time.* The court may for cause, on its own initiative or on application of any party in interest, extend the time for filing a complaint objecting to discharge.

The defendant/debtor contends plaintiff must establish "excusable neglect," under Rule 906(b), in order to be granted an extension of the filing period. Rule 906(b) in part provides:

*Enlargement.* When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time in its discretion (1) with or without application or notice order the period enlarged *if request therefore is made before the expiration of the period originally prescribed* or as extended by a previous order or (2) upon application made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect ...

## II.

■ After reviewing the arguments of counsel and applicable law, the Court is satisfied the more specific extension provisions of Rule 906(b) govern this case, rather than the more general provisions of Bankruptcy Rules 404(c) and 409(a)(2). Consequently, Plaintiff must establish excusable neglect for failing to file their motion within the time period originally prescribed. As the Court is entrusted with considerable discretion in withholding or granting the relief requested, case law is not dispositive

and is of little practical value given the infinite factual variations involved.

Plaintiff maintains, by numerous affidavits, the motion was filed after the expiration of the prescribed period because they had not received notice of the bankruptcy proceedings. However, the Plaintiff is listed on the Debtor's mailing matrix as number 116. On December 27, 1982, the Deputy Clerk of the United States Bankruptcy Court, certified that she had mailed the notice of first meeting of creditors and times fixed for filing objections to discharge and for filing complaint to determine dischargeability to all creditors. There is a strong presumption that letters duly mailed are duly received. *Arkansas Motor Coaches v. Commissioner,* 198 F.2d 189 (8th Cir.1952). The notice sent to Shelby Mutual Insurance Company was not returned by the postal service. The Plaintiff's affidavits from various personnel that they "do not remember" ever receiving the notice is insufficient to overcome the presumption that it was in fact received.

Mere inadvertence without more is insufficient to establish that the neglect was excusable as required by Rule 906(b).

THEREFORE, IT IS ORDERED that the motion requesting an extension of time to file a complaint to determine dischargeability of a debt is denied.