In re Joseph CRESTA and Cynthia Cresta, Debtors.

UNITED STATES of America, Plaintiff,

v.

Joseph CRESTA and Michael Cibik, Trustee, Defendants.

Joseph CRESTA, Plaintiff,

v.

UNITED STATES of America and Michael Cibik, Trustee, Defendants.

Bankruptcy No. 84–00198G.

Adv. Nos. 84–0205G, 84–0544G.

United States Bankruptcy Court, E.D. Pennsylvania.

Aug. 7, 1984.

As Amended Aug. 16, 1984.

Mark A. Kaufman, Delaware County Legal Assistance, Chester, Pa., for debtors, Joseph Cresta and Cynthia Cresta.

Alexander Ewing, Jr., Asst. U.S. Atty., Chief, Civil Div., Philadelphia, Pa., and Michael L. Martinez, Asst. U.S. Atty., Philadelphia, Pa., for U.S.A.

Michael A. Cibik, Philadelphia, Pa., trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge.

The issue at bench is whether an untimely filing of a complaint to determine the nondischargeability of a debt bars the complaint. The question is presented on the debtor's motion for dismissal of the complaint under Fed.R.Civ.P. 12(b)(6) which is incorporated in this proceeding through Bankruptcy Rule 7012. We conclude that, under the circumstances of this case, the complaint is barred and, therefore, we will grant the motion.

■ The facts of the case viewed in the light most favorable to the government are as follows:[1] Joseph and Cynthia Cresta filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code ("the Code") on January 20, 1984, scheduling the Veterans Administration ("the creditor") as an unsecured creditor. Notices of the March 23 deadline for filing complaints to determine the nondischargeability of a debt

were mailed to the creditor and the United States Attorney for the Eastern District of Pennsylvania on February 16. On March 15, Joseph Cresta ("the debtor") instituted an adversary proceeding against the creditor, seeking benefits which were being withheld by the creditor to recover on its debt. On April 23, the United States ("the government") filed a complaint to determine the nondischargeability of the Veterans Administration debt pursuant to § 523(a)(2)(A) of the Code. In his answer, the debtor raised the affirmative defense that the complaint was filed late and, hence, was untimely. Two weeks later, the debtor moved to dismiss the complaint against him pursuant to Fed.R.Civ.P. 12(b)(6), raising the same defense pleaded in his answer. The debtor also moved for a partial judgment on the pleadings in his adversary action against the creditor which had been consolidated with the government's action. At the evidentiary hearing, the government asserted that neither it nor the creditor received notice of the filing deadline.

A 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted must be made before service of a responsive pleading. Fed.R.Civ.P. 12(b). Although, as we stated above, the debtor filed his motion to dismiss two weeks after he filed his answer, we may consider the motion which is technically no longer a 12(b)(6) motion. *Warner Co. v. Brann & Stuart Co.*, 198 F.Supp. 634 (E.D.Pa.1961); 5 Wright & Miller, *Federal Practice and Procedure*, § 1361 (1969, 2d reprint 1979).

Bankruptcy Rule 4007 sets the time for filing a complaint to determine the dischargeability of a debt pursuant to § 523(c), and provides in pertinent part:

(c) TIME FOR FILING COMPLAINT UNDER § 523(c) IN CHAPTER 7 LIQUIDATION AND CHAPTER 11 REORGANIZATION CASES: NOTICE OF TIME FIXED. A complaint to determine the dischargeability of any debt pursuant

---

**1.** A 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted may be granted only if it appears certain that the plaintiff is entitled to no relief under any statement of facts which could be proved in

support of the claim. *Hishon v. King & Spalding*, — U.S. —, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984), *citing Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); 2A *Moore's Federal Practice* § 12.08 (2d ed. 1982).

to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

Subsection (f) of Rule 2002 prescribes the notice requirements for the Rule 4007 deadline:

"[T]he clerk, or some other person as the Court may direct, shall give the debtor, all creditors and indenture trustees notice by mail of ... the time fixed for filing a complaint to determine the dischargeability of a debt pursuant to § 523 of the Code as provided in Rule 4007 ...."

Further, subsection (j) of Rule 2002 provides that: "Copies of notices required to be mailed to all creditors under this rule shall be mailed ... if the papers in the case disclose a debt to the United States other than for taxes, to the United States Attorney for the district in which the case is pending...." The reason for this requirement is that the United States Attorney is "the person in the best position to protect the interests of the government." Advisory Committee note to Rule 2002.

According to the Advisory Committee note to Rule 4007, "[i]f a complaint is not timely filed, the debt is discharged." The debtor asserts that the government complaint is barred because it was filed after the March 23 deadline.

■ As we indicated above, notices of the filing deadline were mailed to the government and the creditor. A timely and accurate mailing raises a presumption that the mail was received. *Hagner v. United States*, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861 (1932).

■ The government alleges that neither it nor the creditor received notice of the filing deadline. A creditor's mere assertion that it did not receive notice of a debtor's bankruptcy proceedings is not sufficient to rebut the presumption of receipt. *In Re Thole*, 31 B.R. 548 (Bankr.D.Minn.1983); *Majors v. Capitol Chevrolet Co. (In re Majors)*, 19 B.R. 275 (Bankr.M.D.Tenn. 1982); *In re Cleary*, 18 B.R. 114 (Bankr.W. D.Pa.1982); *In Re Heyward*, 15 B.R. 629 (Bankr.E.D.N.Y.1981); *American Family Insurance Group v. Gumieny (In Re Gumieny)*, 8 B.R. 602 (Bankr.E.D.Wis. 1981); *In Re Torres*, 15 B.R. 794 (Bankr.E. D.N.Y.1981).

Because the government has failed to rebut the presumption that notice of the filing deadline was received, we conclude that the government's complaint is time barred, and will grant the debtor's motion to dismiss the complaint.

The debtor has also moved for a partial judgment on the pleadings on the government's answer in the consolidated action. We will treat the motion as a Fed.R.Civ.P. 12(f) motion to strike which is the appropriate procedure when a party wishes to attack a defense.[2] *Wright & Miller* § 1356.

■ A motion to strike must be denied unless the challenged allegation has no possible relation to the controversy. *Empire Tractor Corp. v. Time, Inc.*, 10 F.R.D. 121 (E.D.Pa.1950). However, a defense that has been eliminated on a previous motion should be deleted. *Higgins v. Shenango Pottery Co.*, 99 F.Supp. 522 (W.D.Pa.1951). We will, therefore, grant the motion to strike the fifth defense that the debt is not dischargeable pursuant to § 523, and deny the motion to strike the sixteenth paragraph and the seventh defense which, although apparently premised on § 523, include issues related to the debtor's claim.

**2.** Fed.R.Civ.P. 12 provides in pertinent part:

(f) Motion to Strike. Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon him or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.